**The PEOPLE of the State of Colorado, Complainant,**

v.

**James L. CARPENTER, Attorney-Respondent.**

**No. 86SA407.**

Supreme Court of Colorado, En Banc.

Jan. 26, 1987.

Linda Donnelly, Disciplinary Prosecutor, George S. Meyer, Deputy Disciplinary Prosecutor, Denver, for complainant.

Paul D. Cooper, Denver, for attorney-respondent.

KIRSHBAUM, Justice.

James L. Carpenter, you appear before this court to receive a public censure for your professional misconduct. In a disciplinary proceeding before the Grievance Committee you and the disciplinary prosecutor entered into a stipulation, agreement and conditional admission of misconduct in which you waived your right to a formal evidentiary hearing and admitted the essential facts giving rise to this disciplinary proceeding. A hearing panel of the Grievance Committee accepted the stipulation and recommended that you be publicly censured and assessed the costs of the proceeding. We also accept the stipulation, and we agree with the hearing panel's recommendation.

In May of 1980, you, on behalf of your clients, Tony and Angela Huerta, filed a civil action against a shopping center seeking damages of $150,000 allegedly caused by conduct of the shopping center. The Huertas and the center had executed a five-year extension of a lease for their restaurant business in December of 1979. However, in February of 1980 the shopping center closed restrooms located adjacent to the Huertas' restaurant, with the result that the Huertas were in violation of the terms of their beer, wine and liquor license. The Huertas vacated the premises in August of 1980, on the expiration date of the original lease.

On September 10, 1981, the shopping center moved for permission to file a counterclaim in the pending civil action, seeking damages in the amount of $17,561.57. On November 16, 1981, the motion to file coun-

terclaim was granted after a hearing you did not attend, and your clients were given twenty days to respond to the counterclaim. More than twenty days thereafter, an answer to the counterclaim was filed. A trial was set to commence December 20, 1982.

On February 11, 1982, the shopping center's attorney served you with interrogatories and a request for production of documents. On September 29, 1982, having received no response to the request, the attorney filed a motion to compel discovery and set the motion for hearing on November 9, 1982. When you stated that a response to the discovery request had been mailed, the hearing was vacated. On November 22, 1982, the shopping center's attorney wrote to you indicating that he had received answers to interrogatories with no attachments, that he had not received any response to his request for production of documents, and that he therefore was resetting for hearing the motion to compel discovery. On December 9, 1982, the trial court ordered you to comply with discovery requests, assessed $100 in attorney fees against you, and continued the trial date to May 20, 1985, because you failed to comply with the February 11 discovery requests. You did not inform the Huertas of the assessment of attorney fees against you.

In July 1984, the attorney for the shopping center served another request for discovery. On January 11, 1985, after receiving no response to several telephone calls he made to you, the attorney sent you a letter indicating that he would file another motion to compel discovery if settlement discussions did not commence promptly.

When negotiations were not commenced, the shopping center's attorney filed a second motion to compel discovery. At a March 26, 1985, hearing on that motion, you informed the trial court that you had lost contact with the Huertas and that you would accordingly withdraw from the case. However, although the Huertas had opened a new restaurant at a location unknown to you, they continued to live at the same residence throughout the proceedings.

You knew that address, contrary to your representation to the trial court.

At the conclusion of the March 26 hearing, the trial court assessed attorney fees of $150 against you and informed you that sanctions would be imposed in the absence of compliance with the discovery request within fifteen days. You again failed to advise your clients of the assessment of attorney fees against you.

You did not comply with the trial court's March 26 order. Consequently, the shopping center's attorney filed a motion for sanctions. On April 22, 1985, the trial judge advised his clerk to inform you that if good cause were not forthwith shown, your clients' case would be dismissed with prejudice. After receiving such notification, you drafted a motion to withdraw and a motion to dismiss without prejudice, asserting that you were unable to contact your clients. Neither of these motions was filed, however, and on May 8, 1985, the case was dismissed with prejudice. It is not known whether a copy of that order was received in your office.

On May 14 or 15, 1985, Mrs. Huerta spoke with you by telephone concerning what she believed to be a May 20 trial date. You told her you had studied her case, would review it again, and would call her the next day to advise her if the case would be tried on May 20. On May 16, 1985, a secretary at your office informed Mrs. Huerta that she would not need to appear in court on May 20. Mrs. Huerta requested a letter explaining the reason for the cancellation of the May 20 court appearance and informing her of the new trial date. You were informed of her request, but did not respond.

On June 3, 1985, Mr. Huerta sent you a registered letter requesting a written status report on the case. You again failed to respond. On June 6, 1985, the Huertas visited the courthouse and discovered that their case had been dismissed. They also learned that you had been ordered to pay attorney fees on two separate occasions to the attorney for the shopping center because of neglect in representing them.

The Huertas then initiated this grievance proceeding.

You have admitted that the foregoing conduct violates C.R.C.P. 241.6 concerning discipline of attorneys and also violates the following disciplinary rules of the Code of Professional Responsibility: DR1–102(A)(1) (violation of a disciplinary rule); DR1–102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation); DR6–101(A)(3) (neglect of a legal matter); DR7–101(A)(1) (failure to seek lawful objectives of a client through reasonably available means); and DR7–101(A)(2) (failure to perform contract of employment for professional services). Throughout your representation of the Huertas, you misrepresented critical facts to your clients, to opposing counsel and to the trial court. You neglected to respond to reasonable requests for information, and you repeatedly neglected your duty of faithful representation of your clients. Such misconduct quite justifiably erodes public respect for the legal profession and severely undermines the principles of candor and fair dealing necessary to effective resolution of legal disputes by means of the adversary process.

You have not previously been the subject of any disciplinary action, and the Huertas received insurance payments that offset any financial loss which they might have suffered due to your conduct. These facts warrant some consideration in the selection of an appropriate sanction in this matter. Furthermore, during the time these events occurred you experienced significant personal problems that culminated in a divorce in December of 1985. This court has also received written commendations by several of your fellow attorneys uniformly indicating a positive assessment of your demeanor, abilities and professional concern in numerous legal matters. Having considered these mitigating circumstances, the court nevertheless concludes that your repeated flagrant misconduct in the course of your representation of the Huertas warrants no less than the public censure herein imposed.

This public censure will remain on file with this court for further consideration should you at any time in the future violate the Code of Professional Responsibility. You are also ordered to pay the costs of $44.30 incurred by the Grievance Committee in this matter. This sum should be paid to the Supreme Court Grievance Committee, 600 17th Street, Suite 500–S, Denver, Colorado 80202, within thirty days of this date.