**The PEOPLE of the State of Colorado, Complainant,**

v.

**Patrick Joseph WILSON, III, Attorney–Respondent.**

**No. 90SA228.**

Supreme Court of Colorado, En Banc.

June 3, 1991.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Asst. Disciplinary Counsel, Denver, for complainant.

DiManna & Jackson, Gary M. Jackson, Denver, for atty.-respondent.

PER CURIAM.

The respondent, Patrick Joseph Wilson, III, was charged with three counts of professional misconduct. At the conclusion of an evidentiary hearing, a hearing board entered specific findings of fact with respect to all three counts and recommended that the respondent be suspended from the practice of law for a period of three years.

A hearing panel adopted the hearing board's findings and recommendation, although two members of the panel recommended disbarment. We conclude that under all the circumstances the hearing panel's recommendation of a three-year suspension constitutes an appropriate sanction.

## A

The respondent was admitted to the practice of law in this state on October 31, 1983, and has since been registered with this court as an attorney. Accordingly, the respondent is subject to the jurisdiction of the court and its Grievance Committee. C.R.C.P. 241.1(b).

## B

The hearing board found the following material facts, which are not disputed. With respect to count one of the complaint, Albert and Karen Yadgar paid the respondent $500 in April 1988 to represent them in a case that had been filed against them by their business landlord. The landlord was represented by William Mulcahy. After some delay, the respondent served Mulcahy with an answer. The respondent failed to file a copy with the trial court, however, and failed to respond to efforts by Mulcahy to resolve the impasse. The landlord ultimately obtained a default judgment against the Yadgars. The respondent did not resist the motion for default judgment and did not inform the Yadgars that it had been filed.

Mrs. Yadgar later was served with a writ of garnishment. When she informed the respondent of this fact, he told her there was probably some mistake. The respondent did not, however, verify whether any judgment had been entered, and ultimately withdrew from the case. The Yadgars obtained a new attorney, and ultimately reached a settlement with their landlord. The respondent returned the $500 fee to the Yadgars.

With respect to count two of the complaint, in August of 1988 Patrick Cipolla paid the respondent $1,000 to represent Cipolla's son in connection with a criminal action. Thereafter, neither Cipolla nor his son was able to contact respondent, the respondent failed to attend one hearing, and the respondent was late for another hearing. The respondent was ultimately discharged, but he refused the Cipollas' requests for an accounting and for a refund of the unused portion of the $1,000 fee. Although the respondent informed the Grievance Committee that he had earned the entire fee, the hearing board concluded that none of the fee had been earned.

With respect to count three of the complaint, in July of 1989, the respondent entered a plea of guilty to allegations of possession of cocaine, in violation of section 18–18–105, 8B C.R.S. (1986), and received a deferred sentence. Although the respondent informed the Grievance Committee that he was not guilty of the offense, the hearing board concluded that the respondent had no defense to count three of the complaint.

## C

In failing to communicate with the Yadgars, with the court and with opposing counsel; in misrepresenting the status of the proceedings to Mrs. Yadgar; and in failing to investigate his clients' case the respondent violated C.R.C.P. 241.6 and the following disciplinary rules: DR 1–102(A)(1) (violating a disciplinary rule), DR 1–102(A)(4) (engaging in conduct involving deceit or misrepresentation); DR 1–102(A)(5) (conduct prejudicial to the administration of justice); DR 6–101(A)(3) (neglecting a legal matter); DR 7–101(A)(2) (failing to carry out a contract of employment for professional services); and DR 7–101(A)(3) (intentionally prejudicing or damaging a client). With regard to his representation of the Cipollas, the respondent's conduct violated DR 1–102(A)(1) (violation of a disciplinary rule), DR 2–110(A)(3) (failing to promptly return unearned fee upon withdrawal of employment, DR 6–101(A)(3) (neglecting a legal matter), DR 9–102(B)(3) (mishandling funds of a client), DR 9–102(B)(4) (failing to pay

funds and deliver property to a client promptly upon request funds the client is entitled to receive). Finally, respondent's criminal conduct and his discussions of that conduct with the hearing board violated C.R.C.P. 241.6 and DR 1–102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation).

In recommending the imposition of a three-year suspension, the hearing board noted the presence of the following mitigating factors, pursuant to the American Bar Association *Standards for Imposing Lawyer Sanctions* (1986) (hereafter ABA *Standards*): the absence of prior discipline (ABA *Standards* 9.32(a)), the fact that the respondent suffered impairment of a hand injury during a portion of the time period during which the misconduct occurred (ABA *Standards* 9.32(h)), and extraordinary personal problems (ABA *Standards* 9.32(c)). The hearing board also found that the respondent was not truthful during the grievance process, which conduct constituted an aggravating factor. (ABA *Standards* 9.22(f)). In addition, it is evident that the respondent's misconduct constituted multiple violations of the Code of Professional Responsibility (ABA *Standards* 9.22(d)).

The respondent's conduct in representing the Yadgars and the Cipollas fell far short of the minimum standards of conduct required of all attorneys with respect to their clients. The respondent also abandoned his responsibilities to trial courts and, in the case of the Yadgars, to opposing counsel. While the respondent may ultimately benefit from the deferred judgment entered in his criminal proceeding by enjoying a dismissal of the charge, the underlying conduct that gave rise to that charge is of serious consequence, in and of itself meriting some period of suspension. *See* ABA *Standards* 5.12; *People v. Geller*, 753 P.2d 235 (Colo.1988); *People v. McPhee*, 728 P.2d 1292 (Colo.1986). Finally, the hearing board concluded that the respondent was not truthful in his responses to the allegations of the complaint. These circumstances convince this court that suspension from the practice of law for a period of three years is warranted in this case. ABA

*Standards* 4.12. It is noted that some members of the court agree with the conclusion of two members of the hearing panel that disbarment would constitute an appropriate sanction in this case.

D

For the foregoing reasons, the respondent, Patrick Joseph Wilson, III, is hereby suspended from the practice of law for a period of three years, commencing thirty days after the date of this opinion, pursuant to C.R.C.P. 241.21. The respondent shall not be reinstated until after he has completed all terms of the sentence imposed in the criminal proceedings filed against him and after he has complied with C.R.C.P. 241.22(c) and (d). The respondent is further ordered to pay the sum of $1,000 for the benefit of Patrick Cipolla, together with interest thereon from August 31, 1988, computed pursuant to section 13–21–101(3), 6A C.R.S. (1987), and to pay the costs of this proceeding, in the amount of $469.74. Those sums shall be paid to the Supreme Court Grievance Committee, 600 —17th Street, Suite 500S, Denver, Colorado 80202–5435, within sixty days of the date of this opinion.