**The PEOPLE of the State of Colorado, Complainant,**

v.

**Patrick Joseph WILSON, III, Attorney–Respondent.**

**Nos. 92SA130, 92SA176.**

Supreme Court of Colorado,
En Banc.

July 13, 1992.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Asst. Disciplinary Counsel, Denver, for complainant.

No appearance by attorney-respondent.

PER CURIAM.

We have consolidated two attorney disciplinary proceedings brought against the respondent for the purpose of issuing one opinion and order. In each proceeding, the same hearing panel of the Supreme Court Grievance Committee recommended that the respondent be disbarred and assessed costs. We accept the recommendations of the hearing panel.

I.

The respondent was admitted to the bar of this court on October 31, 1983, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee. C.R.C.P. 241.1(b). On June 3, 1991, we suspended the respondent for three years for professional misconduct separate from the conduct alleged in these proceedings. *People v. Wilson*, 814 P.2d 791 (Colo.1991).

A.

In the first proceeding, No. 92SA130, the hearing board concluded that two charges of professional misconduct had been established against the respondent by clear and convincing evidence. The respondent was placed on immediate suspension from the practice of law by order of this court on October 19, 1989, because he had been convicted of a felony. C.R.C.P. 241.8. Notwithstanding the suspension, the respondent continued to provide legal services to a client after the effective date of the suspension and did not notify the client of the suspension. Despite conflicting testimony by the respondent at the hearing, the board found that the respondent was practicing law after the date of his suspension.

In the second count, the respondent had been retained in July 1989, to represent Brian Howard who was a defendant in a civil action pending in Jefferson County District Court. Before the respondent was hired, the district court struck the answers filed by Howard and a codefendant as a sanction for failure to comply with dis-

covery and a hearing was set on the amount of damages. Prior to the hearing on damages, which was scheduled for November 8, 1989, the respondent advised the district judge, privately in the judge's chambers, that he had been suspended and that he would not be able to proceed. The district judge announced to all counsel in the case that due to "unforeseen problems" the matter would be continued. The respondent never told Howard or opposing counsel that he had been suspended, and neither the respondent nor Howard appeared at the hearing on damages which was reset for March 1, 1990.

Howard's codefendant appeared with her attorney at the hearing, and the district court approved a stipulation whereby the codefendant settled the $198,583.23 judgment against her for $20,000. The court also entered judgment against Howard in the full amount of $198,583.23. Finally, on March 20, 1990, the respondent sent a let-

ter to Howard stating that "as a result of forces beyond my control, I must seek your consent and cooperation to and in my formal withdrawal from the [case pending in Jefferson County District Court]." The letter did not mention the respondent's suspension, did not give any reason why the respondent was forced to withdraw, and did not refer to the March 1, 1990, hearing or the entry of judgment against Howard. After sending the letter, the respondent took no steps to withdraw from the case or obtain substitute counsel for Howard, and took no further action in the case.

The hearing board concluded, and we agree, that the respondent's conduct violated C.R.C.P. 241.21(b)–(d) (steps which a lawyer must take after being suspended); [1] DR 1–102(A)(6) (a lawyer shall not engage in conduct that adversely reflects on the lawyer's fitness to practice law); DR 3–101(B) (a lawyer shall not practice law in a jurisdiction where to do so would be in

---

1. C.R.C.P. 241.21 provides, in pertinent part:

**Rule 241.21. Required Action After Disbarment, Suspension, or Transfer to Disability Inactive Status**

. . . .

**(b) Notice to Clients in Pending Matters.** A lawyer against whom an order of disbarment, suspension, or transfer to disability inactive status has been entered shall promptly notify in writing by certified mail each client whom he represents in a matter still pending of the order entered against him and of his consequent inability to act as a lawyer after the effective date of such order, and advising such clients to seek legal services elsewhere. In addition, he shall deliver to each client all papers and property to which the client is entitled.

**(c) Notice to Parties in Litigation.** A lawyer against whom an order of disbarment, suspension, or transfer to disability inactive status is entered and who represents a client in a matter involving litigation or proceedings before an administrative body shall notify that client as required by subsection (b) of this Rule, and shall recommend that the client promptly obtain substitute counsel. In addition, the lawyer must notify in writing by certified mail the opposing counsel of the order entered against him and of his consequent inability to act as a lawyer after the effective date of the order. The notice to opposing counsel shall state the place of residence of the client of the lawyer against whom the order was entered.

If the client of the lawyer against whom an order was entered does not obtain substitute

counsel before the effective date of such order, the lawyer must appear before the court or administrative body in which the proceeding is pending and move for leave to withdraw.

**(d) Affidavit Filed With Supreme Court.** Within ten days after the effective date of the order of disbarment, suspension, or transfer to disability, inactive status, or within such additional time as allowed by the Supreme Court, the lawyer shall file with the Supreme Court an affidavit setting forth a list of all pending matters in which the lawyer served as counsel and showing:

(1) That he has fully complied with the provisions of the order and of this Rule; and

(2) That he has notified every other jurisdiction before which he is admitted to practice law of the order entered against him; and

(3) That he has served a copy of such affidavit upon the Committee Counsel and Disciplinary Counsel.

Such affidavit shall also set forth the address of the lawyer to which communications may thereafter be directed.

In addition, the lawyer shall continue to file a registration statement in accordance with C.R.C.P. 227 for a period of five years following the effective date of the order listing his residence or other address where communications may thereafter be directed to him; provided, however, that the annual registration fee need not be paid during such five-year period unless and until the lawyer is reinstated. Upon reinstatement the lawyer shall pay the annual registration fee for the year in which reinstatement occurs.

violation of regulations of the profession in that jurisdiction); and DR 6–101(A)(3) (a lawyer shall not neglect a legal matter entrusted to the lawyer).

### B.

In No. 92SA176, the hearing board found that the respondent had been retained by Michael A. Berry to represent him in a civil action arising out of an automobile accident in which Berry had been named as a defendant. Berry was served on April 30, 1987, with the summons and complaint. Despite the respondent's testimony to the contrary at the hearing, the board concluded that Berry retained the respondent on or about May 2, 1987, to represent him, at least to the extent of entering an appearance and filing an appropriate response on Berry's behalf in the action. Berry paid the respondent $250 as an advance for costs by way of a money order.

When the plaintiff's attorney filed a motion for a default judgment on July 13, 1987, the respondent telephoned the attorney and told him that he would be entering an appearance on Berry's behalf. After consulting with his client, the plaintiff's attorney refused to withdraw the motion and declined to grant the respondent's request for an extension of time to file an answer. Judgment by default was entered against Berry on July 15, 1987, in the amount of $70,457.90. The respondent never entered an appearance on behalf of Berry, never filed an answer or other response in the matter, and did not file a motion to set aside the judgment. Moreover, the respondent never notified Berry that a default judgment had been entered against him and it was not until February 1988, when he was served with a writ of garnishment, that Berry learned of the judgment. Berry's efforts to set the judgment aside were unsuccessful, in part because the court found that his efforts were not timely.

### II.

Given the seriousness of the respondent's misconduct, the serious harm he caused, and the respondent's disciplinary history, the hearing panel in No. 92SA130 recommended that the respondent be disbarred. In our previous opinion suspending this respondent for three years, we noted that some members of the court believed that the respondent should have been disbarred for his misconduct in that case. *Wilson*, 814 P.2d at 793. A lawyer's continued practice of law while under an order of suspension, with no efforts to wind up the legal practice, and failure to take action to protect the legal interests of the lawyer's clients, warrants disbarment. *People v. James*, 731 P.2d 698, 700 (Colo. 1987).

The hearing panel also recommended that the respondent be disbarred for his misconduct in No. 92SA176. The assistant disciplinary counsel has not excepted to the panel's recommendations, and the respondent has not appeared in this court. Finding no factors in mitigation that would justify any sanction less than disbarment, we accept the recommendations of the hearing panel and order that the respondent be disbarred.

### III.

It is hereby ordered that Patrick Joseph Wilson, III, be disbarred and that his name be stricken from the list of attorneys authorized to practice before this court, effective immediately upon the issuance of this opinion. It is further ordered that Wilson pay the combined costs of these proceedings in the amount of $4,065.63 within ninety days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Dominion Plaza, Denver, Colorado 80202.