The PEOPLE of the State of
Colorado, Complainant,

v.

Robert T. CLARK, Attorney–Respondent.

No. 95SA167.

Supreme Court of Colorado,
En Banc.

July 24, 1995.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Asst. Disciplinary Counsel, Denver, for complainant.

No appearance by attorney-respondent.

PER CURIAM.

A hearing panel of the Supreme Court Grievance Committee approved a hearing board's recommendation that the respondent be suspended from the practice of law for six months, with reinstatement contingent on the satisfaction of certain requirements, including that he undergo reinstatement proceedings pursuant to C.R.C.P. 241.22(b)–(d). The respondent defaulted before the grievance committee and has not appeared in this court. We generally accept the hearing panel's recommendations, but modify the period of suspension to one year and one day.[1]

I.

The respondent was admitted to practice law in Colorado in 1969. Since he defaulted before the hearing board, the allegations of fact contained in the formal complaint were deemed admitted. C.R.C.P. 241.13(b); *People v. Barr*, 855 P.2d 1386, 1386 (Colo.1993). Based on the respondent's default and the evidence presented, the hearing board found that the following had been established by clear and convincing evidence.

The respondent was suspended from the practice of law on June 23, 1993, because of failure to comply with mandatory continu-

1. Because the respondent defaulted and has not appeared in this court, we do not consider it necessary to issue a rule to show cause why a more severe sanction should not be imposed. *People v. Crimaldi*, 804 P.2d 863, 864 n. 1 (Colo. 1991).

ing legal education requirements. The respondent received actual notice of this suspension, but nevertheless continued to practice law until September 1994, a period of fifteen months. He thereby violated R.P.C. 5.5(a) (a lawyer shall not practice law in a jurisdiction where doing so violates the regulations of the legal profession in that jurisdiction), and R.P.C. 8.4(h) (a lawyer shall not engage in conduct that adversely reflects on the lawyer's fitness to practice law).

Following his administrative suspension, the respondent failed to notify clients in pending matters and other parties in litigation of the suspension, and did not file the required affidavit with this court, as required under C.R.C.P. 241.21(b)–(d). His conduct again violated R.P.C. 8.4(h).

Finally, the respondent failed to file the required supplemental statement of change of address within thirty days of his change of business and residential addresses, contrary to C.R.C.P. 227(A)(2)(b) and R.P.C. 8.4(h).

## II.

Two members of the hearing board recommended that the respondent be suspended for six months with certain conditions for reinstatement, and one member recommended suspension for one year and one day. In previous cases, we have found disbarment appropriate when a lawyer practices law while suspended or otherwise violates an order of suspension and causes harm to a client. *People v. Ross*, 873 P.2d 728, 729 (Colo.1994); *People v. Wilson*, 832 P.2d 943, 945 (Colo.1992); *People v. James*, 731 P.2d 698, 700 (Colo.1987). In this case, however, the hearing board found that no actual harm to any of the respondent's clients was demonstrated, although the potential for harm was present. The ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards* ) provides that in the absence of aggravating or mitigating circumstances, "[s]uspension is appropriate when a lawyer knowingly violates a court order or rule, and there is injury or potential injury to a client or a party, or interference or potential interference with a legal proceeding." *Id.* at 6.22.

Thus, in cases involving an administrative suspension, and where no actual harm is shown, we have found suspension rather than disbarment appropriate. *See People v. Kargol*, 854 P.2d 1267, 1269 (Colo.1993) (continued appearances in court after suspension for failure to comply with continuing legal education requirements warrants suspension for one year and one day).

The total failure of the respondent to appear in these proceedings concerns us as it did the hearing board, however. Considering the seriousness of the misconduct in conjunction with the respondent's noncooperation in the proceedings and his substantial experience in the practice of law, *see* ABA *Standards* 9.22(e), (i), we conclude that a suspension for one year and one day is warranted. *Kargol*, 854 P.2d at 1269–70.

## III.

Accordingly, it is hereby ordered that Robert T. Clark be suspended from the practice of law for one year and one day, effective immediately upon the issuance of this opinion. C.R.C.P. 241.21(a). It is further ordered that Clark pay the costs of this proceeding in the amount of $145.55 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Dominion Plaza, Denver, Colorado 80202. Clark shall also comply with the conditions of reinstatement as set forth on pages 7–8 of the Findings of Fact, Conclusion, and Recommendation of the Hearing Board, dated March 21, 1995, and attached to this opinion as Appendix A. In addition, Clark shall not be reinstated until after he has complied with C.R.C.P. 241.22(b)–(d).

KOURLIS, J., does not participate.

## APPENDIX A

[The respondent shall] specifically demonstrate that respondent has fulfilled all the requirements pertaining to attorney registration, C.R.C.P. 227, and mandatory continuing legal education, C.R.C.P. 260–260.7; that respondent submit evidence that he has consulted with a licensed mental health professional and is mentally and

emotionally fit to practice law; that respondent submit a plan for another lawyer to monitor his professional progress; and that respondent demonstrate that he has withdrawn from all cases of which he was attorney of record as of the date of the hearing and that he did not practice law after the hearing; and that respondent pay the costs of this proceeding.