The **PEOPLE** of the State of Colorado, Complainant,

v.

James L. **CARPENTER**, Attorney–Respondent.

No. 96SA232.

Supreme Court of Colorado, En Banc.

Sept. 3, 1996.

---

Linda Donnelly, Disciplinary Counsel, Kenneth B. Pennywell, Assistant Disciplinary Counsel, Denver, for Complainant.

James L. Carpenter, Denver, pro se.

PER CURIAM.

The respondent in this lawyer discipline proceeding practiced law for five years while under suspension for failure to comply with mandatory continuing legal education (CLE) requirements. The respondent entered into a stipulation, agreement and conditional admission of misconduct with the assistant disciplinary counsel. C.R.C.P. 241.18. The conditional admission recommended that the respondent be suspended from the practice of law for three years. An inquiry panel of the supreme court grievance committee approved the conditional admission, including the recommended three-year suspension. We accept the conditional admission and the inquiry panel's recommendation.

## I

The respondent was admitted to practice law in Colorado in 1968. The conditional admission states that on May 4, 1990, the respondent was suspended from the practice of law because of his failure to comply with mandatory continuing legal education requirements. C.R.C.P. 260.6(10). He has not been reinstated and therefore remains suspended.

On May 12, 1994, the respondent entered his appearance in a workers' compensation matter on behalf of the employer and insurance carrier. He did not withdraw until October 3, 1995. He also represented another insurance carrier in a separate workers' compensation case, from which he withdrew on September 14, 1995. And, in yet another workers' compensation matter, the respondent entered his appearance on August 31, 1994.

The respondent has stipulated that between May 4, 1990, until October 1995, a period of over five years, he practiced law, while under administrative suspension, in approximately 130 workers' compensation cases.

While under an administrative suspension, the respondent accepted new employment and client retainers as a lawyer, see C.R.C.P. 241.21(a); failed to notify clients, see C.R.C.P. 241.21(b), and opposing counsel of his suspension, see C.R.C.P. 241.21(c); and did not file the required affidavit with the supreme court regarding all pending matters in which he served as counsel, see C.R.C.P. 241.21(d). The respondent's misconduct occurred both before and after January 1, 1993, the effective date of the Rules of Professional Conduct. He therefore violated DR 3–101(B) and R.P.C. 5.5(a) (a lawyer shall not

practice law in a jurisdiction where doing so violates the regulations of the legal profession in that jurisdiction); DR 1–102(A)(4) and R.P.C. 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation); R.P.C. 8.4(g) (engaging in conduct which violates accepted standards of legal ethics); as well as DR 1–102(A)(6) and R.P.C. 8.4(h) (engaging in conduct that adversely reflects on the lawyer's fitness to practice law).

## II

■ In his conditional admission, respondent has consented to a three-year suspension from the practice of law. Disbarment is appropriate when a lawyer practices law while suspended, or otherwise violates an order of suspension, and has caused harm to a client. *People v. Clark,* 900 P.2d 129, 130 (Colo.1995); *People v. Ross,* 873 P.2d 728, 729 (Colo.1994); *People v. Wilson,* 832 P.2d 943, 945 (Colo.1992); *People v. James,.* 731 P.2d 698, 700 (Colo.1987). The assistant disciplinary counsel has stipulated, however, that no actual harm to any of the respondent's clients has resulted. Nevertheless, the potential for harm existed and sanctions are required.

■ The ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards* ) provides that, in the absence of aggravating or mitigating circumstances, "[s]uspension is appropriate when a lawyer knowingly violates a court order or rule, and there is injury or potential injury to a client or a party, or interference or potential interference with a legal proceeding." *Id.* at 6.22.

"[I]n cases involving an administrative suspension, and where no actual harm is shown, we have found suspension rather than disbarment appropriate." *Clark,* 900 P.2d at 130 (lawyer suspended for one year and one day for continuing to practice law following suspension for failing to comply with CLE requirements); *see also People v. Kargol,* 854 P.2d 1267, 1269 (Colo.1993) (same). The parties have agreed that the misconduct in this case, occurring over a five-year period and involving many more clients than in *Clark* or *Kargol,* is more aggravated.

We note that the respondent received a public censure in 1987 for neglecting a legal matter, *People v. Carpenter,* 731 P.2d 726 (Colo.1987). *See* ABA *Standards* 9.22(a) (previous discipline is an aggravating factor). Additional aggravating factors include the respondent's dishonest or selfish motive, *id.* at 9.22(b); a pattern of misconduct, *id.* at 9.22(c); multiple offenses, *id.* at 9.22(d); and substantial experience in the practice of law, *id.* at 9.22(i).

In mitigation, the assistant disciplinary counsel states that the respondent has made full and voluntary disclosure to the disciplinary authorities and has maintained a cooperative attitude with regard to these disciplinary the proceedings, *id.* at 9.32(e).

Considering the seriousness of the misconduct, the aggravating factors, respondent's cooperation in the proceedings, and taking into account respondent's representation that he has permanently retired from the practice of law, we agree that a three-year suspension is an appropriate sanction. We therefore accept the conditional admission and the recommendation of the inquiry panel.

## III

Accordingly, it is hereby ordered that James L. Carpenter be suspended from the practice of law for three years, effective immediately. It is also ordered that the respondent pay the costs of this proceeding in the amount of $45.00, within thirty days after the announcement of this opinion, to the Supreme Court Grievance Committee, 600 17th Street, Suite 920–S, Denver, Colorado 80202.