**The PEOPLE of the State of Colorado, Complainant,**

v.

**Harold J. RIVERS, Jr., Attorney–Respondent.**

No. 96SA432.

Supreme Court of Colorado, En Banc.

Feb. 18, 1997.

---

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Deputy Disciplinary Counsel, Denver, for Complainant.

Harold J. Rivers, Jr., Aurora, Pro Se.

PER CURIAM.

A hearing panel of the supreme court grievance committee approved the findings and recommendations of a hearing board that the respondent in this lawyer discipline proceeding be suspended for one year and one day and be required to make certain restitution as a condition of reinstatement. Neither the respondent nor the deputy disciplinary counsel has excepted to the panel's action. We accept the panel's recommendation.

I.

The respondent was admitted to practice law in Colorado in 1987. The respondent's answer admitted the misconduct alleged in the complaint. Based on the answer and the evidence presented by the complainant, the board made the following findings.

A.

■ Patricia Less paid the respondent $200 to represent her boyfriend, Johnnie Johnson, on October 20, 1994. There were two domestic violence cases pending against Johnson in Denver County Court and one charge of DUI in Jefferson County. The domestic violence cases involved incidents between Johnson and Less. In addition, Johnson was on probation following a domestic violence conviction, again involving Patricia Less.

The respondent agreed to represent Johnson for a flat fee rather than on an hourly basis, although there was no written fee arrangement. He did not disclose the potential conflicts arising from the fact that Patricia Less was paying Johnson's legal fees. This conduct violated R.P.C. 1.8(f)(2) (accepting compensation for representing a client from one other than the client unless there is no interference with the lawyer's independence of professional judgment or with the client-lawyer relationship). Less also asked the respondent to prepare a will for her.

■ The respondent cashed Patricia Less's $200 check shortly after receiving it but did not begin work for either Johnson or Less. Instead, he left for South Carolina to visit his ill mother. After learning from a friend's telephone call that Less had fired him, the respondent returned from South Carolina and met with her. She asked for an accounting and a refund. The respondent provided neither, in violation of R.P.C. 1.15(b) (upon receiving funds in which a client or third person has an interest, a lawyer shall promptly deliver to the client or third person any funds the client or third person is entitled to receive and, upon request by the client or third person, render a

full accounting). Further, respondent did not contact Johnson to determine if he still wanted the respondent to represent him, contrary to R.P.C. 1.4(a) (a lawyer shall keep a client reasonably informed about the status of a matter). Finally, the respondent did not comply with R.P.C. 1.16(d) (upon termination of representation, a lawyer shall take reasonable steps to protect a client's interests such as giving reasonable notice to the client).

## B.

■ The respondent was suspended in June 1994 for failure to comply with mandatory continuing legal education (CLE) requirements. C.R.C.P. 260.6(10). Because he did not maintain an accurate address with the Office of Attorney Registration, he did not actually receive the supreme court's order of suspension. However, prior notices of his CLE noncompliance were sent to the respondent and were not returned by the post office. The respondent has not been reinstated.

While under this administrative suspension, the respondent represented one of the parties in a dissolution of marriage case pending in Arapahoe County. The foregoing conduct violated R.P.C. 5.5(a) (practicing law in a jurisdiction where doing so violates the regulations of the legal profession), and C.R.C.P. 241.21(a)-(d) (setting out steps a lawyer is required to take following suspension). By failing to maintain a current address with Attorney Registration he also violated C.R.C.P. 227(A)(2)(b) and 241.6(6).

## II.

■ The hearing panel generally approved the board's recommendations, specifically that the respondent be suspended from the practice of law for one year and one day and be required to refund the $200 that Patricia Less paid him, plus interest. The hearing board was particularly concerned with the respondent's failure to actively participate in this disciplinary proceeding, and so are we.

The ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*) provides that in the absence of aggravating or mitigating circumstances,

"[s]uspension is appropriate when a lawyer knowingly violates a court order or rule, and there is injury or potential injury to a client or a party, or interference or potential interference with a legal proceeding." *Id.* at 6.22. The only mitigating factor in this case is the absence of prior discipline. *Id.* at 9.32(a).

[I]n cases involving an administrative suspension, and where no actual harm is shown, we have found suspension rather than disbarment appropriate. *See People v. Kargol,* 854 P.2d 1267, 1269 (Colo.1993) (continued appearances in court after suspension for failure to comply with continuing legal education requirements warrants suspension for one year and one day).

*People v. Clark,* 900 P.2d 129, 130 (Colo. 1995). We suspended the lawyer-respondent in *Clark* for one year and one day for continuing to practice law following his suspension for failure to comply with mandatory CLE requirements, failing to provide notice of his suspension to clients, and not providing a supplementary notice of change of address to attorney registration. *Id.* Like the respondent in this case, Clark failed to participate in the disciplinary proceedings. *Id.* We conclude, as we did in *Kargol* and *Clark,* that suspension for one year and one day, with the requirement that the respondent undergo reinstatement proceedings, is appropriate. Accordingly, we accept the hearing panel's recommendations.

## III.

It is hereby ordered that Harold J. Rivers, Jr., be suspended from the practice of law for one year and one day, effective immediately upon the issuance of this opinion. C.R.C.P. 241.21(a). It is further ordered that prior to reinstatement, and as a condition of reinstatement, the respondent make restitution to Patricia Less in the amount of $200 plus statutory interest from October 20, 1994. It is also ordered that Rivers pay the costs of this proceeding in the amount of $122.99 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920-S, Dominion Plaza, Denver, Colorado 80202. In addition, Rivers shall not be rein-

stated until after he has complied with C.R.C.P. 241.22(b)-(d).