**The PEOPLE of the State of Colorado, Complainant,**

v.

**Fred BAUDER, Attorney–Respondent.**

**No. 96SA472.**

Supreme Court of Colorado,
En Banc.

July 14, 1997.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Assistant Disciplinary Counsel, Denver, for Complainant.

Fred Bauder, Crestone, pro se.

PER CURIAM.

A hearing panel of the supreme court grievance committee approved the findings and recommendation of a hearing board that the respondent in this lawyer discipline case receive a private censure. The assistant disciplinary counsel has excepted on the ground that private discipline is unduly lenient under the circumstances of this case. We agree and publicly censure the respondent.

I

The respondent was licensed to practice law in this state in 1976. Based on the evidence presented, the hearing board found that the following had been established by clear and convincing evidence.

In December 1993, a client hired the respondent to represent him in a dissolution of marriage proceeding. The respondent filed the petition for dissolution on February 25, 1994, in the district court for Alamosa County. The client's wife executed a waiver of service of process and submitted to the jurisdiction of the court. The client and his wife owned a house in San Acacio, Colorado, where the client lived with the children of the marriage and with his girlfriend while the dissolution proceeding was pending. When the client's wife visited Colorado during this period of time, she also stayed at the house. Both women testified that in May 1994 the respondent telephoned the house and asked to speak to his client. The client's girlfriend

answered the phone and told the respondent that his client was not there. The client's wife then got on the phone.

The client's wife testified that the respondent initially spoke to her about issues related to the dissolution. The wife was not represented by counsel at that time. However, the respondent then turned the conversation to sexual matters, eventually proposing that he and the two women meet for a sexual rendezvous. The client's wife also said that the respondent raised a question as to the price the women would charge him for their sexual favors. The client's girlfriend testified that she remained in the room while the respondent was talking to his client's wife, and that although she could not hear what the respondent was saying, what she did hear supported the wife's testimony.

The women reported the incident to the respondent's client who became angry and terminated the lawyer-client relationship by retaining another lawyer. The hearing board found that the dissolution proceeding eventually concluded with an agreement between the parties and that neither party suffered actual harm as a result of the respondent's telephone call.

The respondent vigorously denied that he had engaged in such a conversation with either of the women, or that he had solicited or attempted to solicit sex from either of them. Nevertheless, the hearing board found the women's testimony more credible than the respondent's testimony.

■ The hearing board concluded that the respondent's conduct during the telephone call violated section 18–7–202(1)(a), 8B C.R.S. (1986), which prohibits soliciting for the purpose of prostitution, and makes solicitation a class 3 misdemeanor, see § 18–7–202(2), 8A C.R.S. (1986). The foregoing conduct violated Colo. RPC 1.7(b) (representing a client when the representation may be materially limited by the lawyer's own interests); Colo. RPC 8.4(b) (committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects); as well as C.R.C.P. 241.6(3) (misconduct involving any act or omission violating the highest standards of honesty, justice or morality); and C.R.C.P. 241.6(5)

(violating the criminal laws of a state or of the United States).

## II

■ The hearing panel approved the board's recommendation that the respondent receive a private censure. The complainant has excepted to the recommended discipline as too lenient under these facts. We agree.

In *People v. Bergner*, 873 P.2d 726, 726 (Colo.1994), we publicly censured the lawyer because he initiated a conversation with a dissolution of marriage client that was sexual in nature and that made her uncomfortable. We noted that private discipline would be unduly lenient because the lawyer's conduct was not merely negligent and because he had previously received a letter of admonition for unrelated misconduct. *Id.* at 727–28. Similarly, the conduct in this case cannot be characterized as merely negligent. Moreover, while the women involved were not themselves clients of the respondent, the respondent's comments and proposals violated the fiduciary duty that the respondent owed his client because of the victims' relationships to the client.

Although the respondent denied committing the offense in this case, the hearing board found that he was otherwise cooperative in these proceedings. *See* ABA *Standards for Imposing Lawyer Sanctions* 9.32(e) (1991 & 1992 Supp.) (cooperating in disciplinary proceedings is a mitigating factor for the purpose of fixing the appropriate sanction). In addition, the respondent has not previously been disciplined, which is a mitigating circumstance. *See id.* at 9.32(a).

Nevertheless, the seriousness of the respondent's conduct in creating an impermissible conflict between his own interests and those of his client, and the commission of the offense of solicitation, makes private discipline inappropriate. Accordingly, while we accept the findings of the hearing board and panel, we conclude that a public censure is warranted.

## III

The respondent, Fred Bauder, is hereby publicly censured. It is further ordered that

the respondent pay the costs of this proceeding in the amount of $2,158.97 within 30 days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.