**In the Matter of Fred BAUDER**

**No. 98SA447.**

Supreme Court of Colorado,
En Banc.

Jan. 25, 1999.

Linda Donnelly, Attorney Regulation Counsel, James C. Coyle, Assistant Attorney Regulation Counsel, Denver.

Fred Bauder, Pro Se, Crestone, Colorado.

PER CURIAM.

In this lawyer discipline case, a hearing panel of the supreme court grievance committee approved the findings and recommendation of the hearing board. The board and the panel recommended that the respondent, Fred Bauder, be suspended for thirty days, be required to petition for reinstatement, and pay certain costs before again being allowed to practice law. We accept the recommendation.

I.

Fred Bauder was licensed to practice law in Colorado in 1976. He failed to answer the formal complaint filed in this case and the hearing board entered a default against him. The allegations of fact contained in the complaint were therefore deemed admitted. See C.R.C.P. 241.13(b); *People v. Paulson*, 930 P.2d 582, 582 (Colo.1997). Based on the default and the evidence presented, the hearing board found that the following had been established by clear and convincing evidence.

On July 14, 1997, we publicly censured Bauder for soliciting for prostitution during a phone call with the wife of a dissolution of marriage client. See *People v. Bauder*, 941 P.2d 282, 283 (Colo.1997). Bauder was ordered to pay the costs of that proceeding in the amount of $2,058.97 within thirty days of the date on the opinion. See *id.* at 283–84. He did not pay the costs as ordered, however, or file a motion for an extension of time to comply with our order. Moreover, Bauder failed to respond to a letter from the Office of Disciplinary Counsel and has not explained or justified his noncompliance with the order. As a result, a request for investigation was filed against him. Bauder did not respond to the request for investigation.

The hearing board concluded that Bauder knowingly disobeyed an order of this court in violation of Colo. RPC 3.4(c); and that his conduct also violated Colo. RPC 8.4(d) (engaging in conduct prejudicial to the administration of justice) and C.R.C.P. 241.6(7) (failing to cooperate in a disciplinary investigation).

II.

The hearing panel approved the board's recommendation that Bauder be suspended for thirty days, be required to petition for reinstatement, and as a further condition of reinstatement, demonstrate that he has paid the costs incurred in the 1997 proceeding.

Under the ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards* ), "[s]uspension is appropriate when a lawyer knowingly violates a court order or rule, and there is injury or potential injury to a client or a party, or interference or potential interference with a legal proceeding." ABA *Standards* 6.22. However, disbarment is warranted when a lawyer "(a) intentionally or knowingly violates the terms of a prior disciplinary order and such violation causes injury or potential injury to a client, the public, the legal system, or the profession." *Id.* at 8.1(a).

The 1997 public censure is an aggravating factor for analyzing the proper level of discipline. See *id.* at 9.22(a). Other aggravating factors include Bauder's refusal to acknowledge the wrongfulness of his conduct, see *id.* at 9.22(g); his substantial experience in the practice of law, see *id.* at 9.22(i); and his indifference to making restitution, see *id.* at 9.22(j). Because Bauder did not appear at the hearing or offer any evidence, no mitigating factors were found.

The lawyer respondent has defaulted and apparently ignored the disciplinary proceedings. We elect to accept the board's recommendation. See *People v. Rishel*, 956 P.2d 542, 544 (Colo.1998). We are satisfied that the requirement that the respondent undergo reinstatement proceedings and demonstrate by clear and convincing evidence that he is again fit to practice law will adequately pro-

tect the public. Accordingly, we accept the recommendations of the hearing board and panel. One member of the court, however, would impose more severe discipline.

### III.

It is hereby ordered that Fred Bauder is suspended from the practice of law for thirty days, effective thirty days after the issuance of this opinion. It is further ordered that, prior to seeking reinstatement and as a condition thereof, Bauder shall pay the costs of his 1997 disciplinary proceeding in the amount of $2,058.97 plus statutory interest from August 14, 1997, to the Attorney Regulation Committee. Bauder is further ordered to pay the costs of this proceeding in the amount of $124.11 within thirty days after this opinion is announced to the Attorney Regulation Committee, 600 Seventeenth Street, Suite 200 South, Denver, Colorado 80202–5432. Bauder shall not be reinstated until after he has complied with C.R.C.P. 251.29.