**The PEOPLE of the State of Colorado, Complainant**

v.

**Nicole Miller KOLHOUSE, Respondent.**

**No. 13PDJ001.**

Office of the Presiding Disciplinary Judge of the Supreme Court of Colorado.

Aug. 13, 2013.

Attorney Regulation. The Presiding Disciplinary Judge suspended Nicole M. Kolhouse (Attorney Registration Number 33291) from the practice of law for three months, effective September 17, 2013, with the requirement that she petition for reinstatement. Respondent was administratively suspended from the practice of law by the Colorado Supreme Court on May 13, 2011. Nevertheless, she continued to practice law by purporting to represent a litigant in a telephone discussion with opposing counsel. When the People investigated the matter, Respondent failed to respond to any of their requests for information. Her misconduct constitutes grounds for the imposition of discipline pursuant to C.R.C.P. 251.5 and violated Colo. RPC 3.4(c), 5.5(a), and 8.1(b).

On June 18, 2013, the Presiding Disciplinary Judge ("the Court") held a sanctions hearing pursuant to C.R.C.P. 251.15(b). Timothy J. O'Neill appeared on behalf of the Office of Attorney Regulation Counsel ("the People"), but Nicole M. Kolhouse ("Respondent") did not appear. The Court now issues the following "Opinion and Decision Imposing Sanctions Pursuant to C.R.C.P. 251.19(c)."

## OPINION AND DECISION IMPOSING SANCTIONS PURSUANT TO C.R.C.P. 251.19(c)

### I. SUMMARY

Respondent was administratively suspended from the practice of law by order of the Colorado Supreme Court on May 13, 2011. Nevertheless, she continued to practice law by purporting to represent a litigant in a telephone discussion with opposing counsel, thereby violating Colo. RPC 3.4(c) and 5.5(a)(1). When the People investigated the matter, Respondent failed to respond to any of their requests for information in violation of Colo. RPC 8.1(b). Her misconduct warrants a suspension of three months with the requirement that she petition for reinstatement.

### II. PROCEDURAL HISTORY

The People filed their complaint against Respondent on January 9, 2013.[1] Respondent failed to answer the complaint, and the Court granted the People's motion for default on April 4, 2013. Upon the entry of default, the Court deems all facts set forth in the complaint admitted and all rule violations established by clear and convincing evidence.[2] At the sanctions hearing on June 18, 2013, the People did not call any witnesses or introduce any exhibits.[3]

### III. ESTABLISHED FACTS AND RULE VIOLATIONS

The Court hereby adopts and incorporates by reference the factual background of this case, as fully detailed in the admitted complaint.[4] Respondent took the oath of admission and was admitted to the bar of the Colorado Supreme Court on October 15, 2001, under attorney registration number 33291. She is thus subject to the Court's jurisdiction in these disciplinary proceedings.[5]

### Practicing Law While Suspended

After Respondent failed to pay registration fees and to comply with continuing legal education ("CLE") requirements, the Colorado Supreme Court administratively suspended Respondent from the practice of law on May 13, 2011. That order was mailed to Respondent at her registered address.

On January 23, 2012, however, Respondent spoke by phone with N. Elizabeth Quick ("Quick"), an attorney at the office of Lee + Kinder, LLC. Respondent informed Quick that she was an attorney representing Christian Chance, a claimant in a worker's compensation case in which Lee + Kinder had entered its appearance as defense counsel. Respondent provided Quick with a mailing address and a telephone number and asked Quick to fax her information regarding Chance's claim. When Quick asked Respondent for a copy of her entry of appearance, Respondent became irate and told Quick, "It's on!" before hanging up.

Respondent violated Colo. RPC 3.4(c), which forbids a lawyer from knowingly disobeying an obligation under the rules of a tribunal, when she disobeyed the suspension order of the Colorado Supreme Court. By continuing to practice law after her license had been administratively suspended, she also violated Colo. RPC 5.5(a)(1), which requires a valid license in order to practice law.

### Failing to Respond to a Lawful Demand for Information from a Disciplinary Authority

Following Quick's interaction with Respondent, Quick's office searched the Colorado

---

1. The complaint was sent by certified mail to both Respondent's registered business address, Kolhouse Law Firm, LLC, 11355 South Parker Road, Suite 101, Parker, Colorado 80134, and the address that Respondent provided to the complaining witness in the underlying matter: P.O. Box 234, Englewood, Colorado 80150. On May 2, 2013, the People sent Respondent copies of all pleadings in the matter at yet another address they had discovered for her: 26641 East Arbor Drive, Aurora, Colorado 80016.

2. See C.R.C.P. 251.15(b); People v. Richards, 748 P.2d 341, 346 (Colo.1987).

3. On June 7, 2013, the People filed with the Court "Complainant's Exhibits," which reflects the address Respondent filed with the Office of Attorney Registration.

4. See the People's complaint for further detailed findings of fact.

5. See C.R.C.P. 251.1(b).

Supreme Court website for an attorney named "Vicky Kolhouse," since Quick had misheard Respondent's first name on the phone. Unable to find an attorney named "Vicky Kolhouse," Quick notified the People of suspected unauthorized practice of law on January 24, 2012.

The People opened an investigation into the unauthorized practice of law ("the UPL matter"). On February 1, 2012, they sent a letter to the address Respondent had given Quick ("the Englewood address"), requesting a written response.[6] Respondent left a phone message for the People on February 23, 2012, stating that she would fax a written reply to their letter that day; the People never received a fax or any other written response, however. The People left a voice message for Respondent on March 12, 2012, informing her that they had not received any response to their letter.

On March 22, 2012, the People sent another letter to Respondent at her registered business address and the Englewood address. They informed her that they had not received a written response to their first letter and that the UPL matter was being closed, as they had discovered Respondent was Nicole (Nicki) Kolhouse, a licensed Colorado attorney. In this same letter, the People notified Respondent that their investigation revealed she had been administratively suspended from the practice of law by the Colorado Supreme Court on May 13, 2011, for failure to pay annual registration fees and to fulfill CLE requirements. The People enclosed copies of the orders concerning Respondent's suspension, and they informed her that she was being investigated for possible violations of Colo. RPC 3.4(c), 5.5(a), and 8.4(c). The People requested that Respondent respond in writing within twenty-one days.

When Respondent failed to respond, the People sent another letter to Respondent's Englewood address on April 17, 2012, by certified and regular mail, requesting a writ-

ten response. On May 20, 2012, the certified letter was returned to the People as unclaimed, but the regular mail was not returned to the People.

On May 31, 2012, the People again wrote to Respondent concerning her failure to respond to their requests for information. This letter was sent both to Respondent's registered address and to her Englewood address. A LexisNexis Accurint search revealed that both addresses were associated with Respondent.

The People's investigators also made numerous attempts to contact Respondent at various telephone numbers. When investigators called the number on file with the Office of Attorney Registration, they were informed it was the wrong number. Investigators also called the number Respondent had given Quick, each time reaching a recording that said the number was the personal cell phone of Nicki Kolhouse of the Kolhouse Law Firm. The investigators were unable to leave messages for Respondent, however, because her mailbox was full. Investigators also left voice messages for Respondent at the telephone number obtained from the Accurint search, but the messages went unreturned.[7]

The facts above establish that Respondent violated Colo. RPC 8.1(b) by failing to respond to the People's repeated requests for information related to their investigation.

## IV. *SANCTIONS*

The American Bar Association *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) ("ABA *Standards*") and Colorado Supreme Court case law guide the imposition of sanctions for lawyer misconduct.[8] When imposing a sanction after a finding of lawyer misconduct, the Court must consider the duty violated, the lawyer's mental state, and the actual or potential injury caused by the lawyer's misconduct. These three variables yield a presumptive sanction that may be adjusted in consideration of aggravating and mitigating factors.

---

**6.** The People sent the letter to P.O. Box 234, Englewood, Colorado 80150.

**7.** The recording in connection with this telephone number stated: "You have reached Kol-

house Law Firm. Please leave a message, and your call will be returned promptly."

**8.** *See In re Roose,* 69 P.3d 43, 46–47 (Colo.2003).

## ABA *Standard* 3.0—Duty, Mental State, and Injury

*Duty:* Respondent violated duties to the legal system and the profession by continuing to practice law following her administrative suspension and by failing to cooperate with the People's disciplinary investigation.

*Mental State:* The complaint explicitly establishes that Respondent knowingly continued to practice law while her law license was suspended and knowingly failed to respond to the People's requests for information during their disciplinary investigation.

*Injury:* Respondent brought disrepute upon the legal system and the profession by attempting to involve herself in a legal proceeding while her license was administratively suspended. She also impeded the administration of justice and potentially undermined the public's confidence in the regulatory system by failing to respond to the People's requests for information in their investigation.

## ABA *Standards* 4.0–7.0—Presumptive Sanction

Suspension is the presumptive sanction under ABA *Standard* 6.22 when a lawyer knowingly violates a court order or rule, causing injury or potential injury to a client or a party or interference or potential interference with a legal proceeding. Likewise, ABA *Standard* 7.2 states that suspension is warranted when a lawyer knowingly engages in conduct that violates a duty owed as a professional, resulting in injury or potential injury to a client, the public, or the legal system.

## ABA *Standard* 9.0—Aggravating and Mitigating Factors

Aggravating circumstances include any considerations or factors that may justify an

increase in the degree of discipline to be imposed, while mitigating circumstances may justify a reduction in the severity of the sanction.[9] The People argue that Respondent's failure to comply with their many requests for information during their investigation and her refusal to acknowledge the wrongful nature of her conduct are aggravating factors under ABA *Standards* 9.22(e) and 9.22(g), respectively. The Court will not weigh these factors in aggravation here because they are based on the same conduct underlying one of Respondent's rule violations and because there are no additional allegations or evidence before the Court that support application of these factors. The Court will, however, consider Respondent's ten years of practice as an aggravating factor under ABA *Standard* 9.22(i) (substantial experience in the practice of law).[10] In addition, the Court considers Respondent's two distinct types of offenses (practicing law without a license and ignoring the People's requests for information) as an aggravating factor under ABA *Standard* 9.22(d). Since Respondent did not participate in the disciplinary proceeding, the Court is aware of only one mitigating factor—Respondent's lack of a prior disciplinary record—which the Court weighs in mitigation under ABA *Standard* 9.32(a).

## Analysis Under ABA *Standards* and Colorado Case Law

This Court is aware of the Colorado Supreme Court's directive to exercise discretion in imposing a sanction and to carefully apply aggravating and mitigating factors,[11] mindful that "individual circumstances make extremely problematic any meaningful comparison of discipline ultimately imposed in different cases."[12]

Here, the presumptive sanction is suspension, and the sole mitigating factor does not counsel in favor of departing from that pre-

---

**9.** *See* ABA *Standards* 9.21 & 9.31.

**10.** *See, e.g., People v. Rolfe,* 962 P.2d 981, 983 (Colo.1998) (finding that ten years in practice qualifies as "substantial experience in the practice of law").

**11.** *See In re Attorney F.,* 285 P.3d 322, 327 (Colo. 2012); *In re Fischer,* 89 P.3d 817, 822 (Colo.

2004) (finding that a hearing board had overemphasized the presumptive sanction and undervalued the importance of mitigating factors in determining the needs of the public).

**12.** *In re Attorney F.,* 285 P.3d at 327 (quoting *In re Rosen,* 198 P.3d 116, 121 (Colo.2008)).

sumption. Indeed, Colorado cases identify suspension as appropriate when a lawyer knowingly disregards a court order by practicing law following a suspension, even when no actual harm has been shown.[13] Further, Colorado case law instructs that suspension is the appropriate sanction for failure to respond to lawful requests for information during the People's investigations into attorney disciplinary matters.[14]

The Colorado Supreme Court often imposes less severe sanctions for violations of administrative suspension orders than for violations of disciplinary suspension orders.[15] Although suspensions for violations of administrative suspension orders may be lengthy,[16] lesser sanctions have been ordered where mitigating circumstances are present.[17]

In this case, Respondent's failure to abide by her administrative suspension caused some intangible injury to the legal system and the profession. She did not cause actual harm to clients, however, and her underlying misconduct appears to have been an isolated instance, limited in its nature and unconnected with any other misconduct.[18] Further, Respondent's lack of a prior disciplinary history justifies a relatively lenient sanction. Accordingly, the Court concludes that the

ABA *Standards* and relevant Colorado Supreme Court case law support the imposition of a short suspension of three months in this matter. Respondent's failure to participate in the disciplinary proceedings, however, justifies granting the People's request that she petition for reinstatement following her suspension.[19]

## V. CONCLUSION

Respondent violated her duties to the legal system and the duties she owes as a professional by continuing to practice law after the Colorado Supreme Court administratively suspended her law license and by failing to respond to demands for information from the People. This misconduct calls for a three-month suspension, with the requirement that she petition for reinstatement.

## VI. ORDER

The Court therefore **ORDERS:**

1. **NICOLE MILLER KOLHOUSE,** attorney registration number 33291, is **SUSPENDED FOR THREE MONTHS** with the requirement that she petition for reinstatement pursuant to C.R.C.P. 251.29(c). The **SUSPENSION SHALL** take effect only

13. *See People v. Rivers*, 933 P.2d 6, 8 (Colo.1997) (suspending a lawyer for one year and one day for disregarding an administrative suspension order and for violating Colo. RPC 1.4(a), 1.8(f)(2), 1.15(b), and 1.16(d), as well as C.R.C.P. 227(A)(2)(b) and 241.6(6)); *People v. Johnson*, 946 P.2d 469, 471 (Colo.1997) (suspending a lawyer for eighteen months after he violated an administrative suspension order and engaged in other misconduct).

14. *See People v. Cain*, 791 P.2d 1133, 1134–35 (Colo.1990) (finding that suspension was warranted where an attorney neglected a client and failed to cooperate with a disciplinary investigation).

15. *Compare Rivers*, 933 P.2d at 8 (suspending a lawyer for violating an administrative suspension order and for other misconduct), *with People v. Zimmermann*, 960 P.2d 85, 88 (Colo.1998) (disbarring a lawyer who violated a disciplinary suspension order and engaged in other misconduct, causing actual harm to clients).

16. *See, e.g., Rivers*, 933 P.2d at 8 (suspending a lawyer for one year and one day where a lawyer violated Colo. RPC 1.8(f)(2), 1.15(b), 1.4(a), and

1.16(d), in addition to violating an order of administrative suspension).

17. *See People v. Dover*, 944 P.2d 80, 82 (Colo. 1997) (finding public censure appropriate in light of mitigating factors where an attorney violated an administrative suspension order yet informed the court of his suspension at an early stage in court proceedings).

18. *Cf. Rivers*, 933 P.2d at 8 (suspending an attorney for one year and one day for violating an administrative suspension order *as well as* other rules); *People v. Kargol*, 854 P.2d 1267, 1269 (Colo.1993) (finding that suspension for one year and one day was warranted where an attorney who had been administratively suspended appeared as counsel of record for multiple clients even after he was put on notice of the charge of practicing law while suspended).

19. *See In re Bauder*, 980 P.2d 507, 508–09 (Colo. 1999) (determining that a lawyer's complete refusal to participate in disciplinary proceedings warranted the requirement that the lawyer establish his fitness to practice law in reinstatement proceedings before recommencing his practice).

upon issuance of an "Order and Notice of Suspension." [20]

2. Respondent **SHALL** promptly comply with C.R.C.P. 251.28(a)-(c), concerning winding up of affairs, notice to parties in pending matters, and notice to parties in litigation. Respondent also **SHALL** file with the Court, within fourteen days of issuance of the "Order and Notice of Suspension," an affidavit complying with C.R.C.P. 251.28(d).

3. The parties **SHALL** file any post-hearing motion or application for stay pending appeal with the Court **on or before August 27, 2013.** No extensions of time will be granted. If a party files a post-hearing motion or an application for stay pending appeal, any response thereto **SHALL** be filed within seven days, unless otherwise ordered by the Court.

4. Respondent **SHALL** pay the costs of these proceedings. The People **SHALL** file a statement of costs **on or before August 27, 2013.** Respondent's response to the People's statement, if any, must be filed no later than **seven days** thereafter.

---

[20]. In general, an order and notice of suspension will issue thirty-five days after a decision is entered pursuant to C.R.C.P. 251.19(b) or (c). In some instances, the order and notice may issue later than thirty-five days by operation of C.R.C.P. 251.27(h), C.R.C.P. 59, or other applicable rules.