The PEOPLE of the State of
Colorado, Complainant,

v.

Roger W. REDMAN, Attorney–
Respondent.

No. 91SA280.

Supreme Court of Colorado,
En Banc.

Nov. 4, 1991.

Linda Donnelly, Disciplinary Counsel, Jay P.K. Kenney, Asst. Disciplinary Counsel, Denver, for complainant.

Roger W. Redman, pro se.

PER CURIAM.

A hearing panel of the Supreme Court Grievance Committee has recommended that the respondent in this attorney discipline proceeding, Roger W. Redman, be suspended from the practice of law for forty-five days and be assessed the costs of these proceedings for acts of professional misconduct that include misrepresentation and neglect of a legal matter entrusted to him.[1] We accept the hearing panel's recommendation.

---

1. The amended complaint filed in these proceedings also contains a separate count alleging that the respondent attempted to collect a fee from an indigent criminal defendant whom the respondent had been appointed by a trial court to represent, in violation of DR 1–102(A)(4). The hearing board concluded the allegation of professional misconduct contained in that count had not been established by clear and convincing evidence, and that conclusion has not been challenged here.

## I

The respondent was admitted to the bar of this court on April 9, 1965, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court. C.R.C.P. 241.1(b). After considering testimony elicited from complaining witnesses and from the respondent and reviewing exhibits which included a stipulation of facts, the hearing board found the following facts to have been established by clear and convincing evidence.

By order dated April 14, 1989, this court suspended the respondent from the practice of law because of his failure to comply with mandatory requirements for continuing legal education. *See* C.R.C.P. 260.6.[2] Although the respondent received notice of his suspension, he agreed on or about May 14, 1989, to represent Robert W. Stacy, Sr., in a contemplated dissolution of marriage action. Stacy paid the respondent $375 on that date and another $375 on May 21, 1989. In June 1989, Stacy discovered that the respondent's telephone had been disconnected and that the respondent had vacated his office. Stacy also learned at that time that the respondent had previously been suspended from the practice of law.

The respondent did not file a petition for dissolution on behalf of Stacy. He also failed to file any response to a petition for dissolution filed by Stacy's wife on May 17, 1989, and did not file an entry of appearance or any other pleading in the dissolution action. Consequently, Stacy was forced to obtain another attorney and incurred additional attorney fees of approximately $1,000. Prior to the preparation of the hearing board's findings and recommendations in this proceeding, the respondent returned the $750 paid to him by Stacy.

## II

■ The hearing board concluded, and we agree, that on May 14, 1989, the respondent was under an affirmative duty to inform Stacy that the respondent had previously been suspended from the practice of

law. The respondent's failure to do so violated DR 1–102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation). The respondent's acceptance of a retainer while suspended from the practice of law violated C.R.C.P. 241.21(a), which provides that "[a]fter the entry of an order of ... suspension ... the lawyer may not accept any new retainer or employment as a lawyer in any new case or legal matter...." Furthermore after accepting the retainer, the respondent was under a duty to obtain substitute counsel for Stacy; the respondent's failure to do so violated DR 6–101(A)(3) (neglecting a legal matter entrusted to a lawyer). Finally, the respondent's conduct also violated DR 1–102(A)(1) (violation of a disciplinary rule) and C.R.C.P. 241.6(1) (any act or omission violating the provisions of the Code of Professional Responsibility is grounds for attorney discipline).

## III

■ The hearing panel recommended that the respondent be suspended from the practice of law for forty-five days. Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986) (*ABA Standards*), in the absence of aggravating or mitigating factors, suspension is an appropriate sanction "when a lawyer knowingly deceives a client, and causes injury or potential injury to the client." *ABA Standards* 4.62. *See also People v. Gaimara*, 810 P.2d 1076 (Colo.1991) (neglecting a legal matter and making misrepresentations to client, investigator, and grievance committee in order to conceal the neglect warrants six-month suspension).

■ The hearing board determined that the following aggravating factors were present: (1) the respondent received a private censure in November 1987 for misconduct in the handling of an estate, *ABA Standards* 9.22(a); (2) the existence of a dishonest or selfish motive, *id.* at 9.22(b); (3) multiple offenses, *id.* at 9.22(d); (4) the victim was vulnerable, *id.* at 9.22(h); and (5) the respondent has substantial experi-

---

**2.** The respondent has not been reinstated and remains suspended pursuant to this order.

ence in the practice of law, *id.* at 9.22(i). In mitigation, it is noted that the respondent ultimately refunded the $750 retainer fee he initially received from Stacy. *See id.* at 9.32(d) (timely and good faith effort to make restitution may be considered as a factor in mitigation).

Although the potential for harm was certainly present, the hearing board did not conclude that Stacy suffered any actual harm. The misconduct in this case is not as aggravated as that present in *Gaimara,* 810 P.2d 1076. Considering all of the circumstances, we conclude that suspension for a period of forty-five days constitutes an appropriate sanction for the respondent's misconduct, as unanimously recommended by the hearing panel. Had actual harm been established, a more severe sanction would be warranted. Some members of the court, however, believe a more severe sanction is warranted in view of the nature of the respondent's misconduct and the presence of aggravating factors.

## IV

Accordingly, it is hereby ordered that the respondent, Roger W. Redman, be suspended from the practice of law for forty-five days, effective immediately upon the issuance of this opinion. C.R.C.P. 241.21(a). It is further ordered that the respondent pay the costs of this proceeding in the amount of $395.73 within thirty days after the date of this opinion to the Supreme Court Grievance Committee, Dominion Plaza, Suite 500–S, 600—17th Street, Denver, Colorado 80202–5435.

Donald K. SMITH, Attorney–
Respondent.