The PEOPLE of the State of Colorado, Complainant,

v.

Roger W. REDMAN, Attorney–Respondent.

No. 95SA255.

Supreme Court of Colorado, En Banc.

Sept. 11, 1995.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Asst. Disciplinary Counsel, Denver, for complainant.

Roger W. Redman, Aurora, pro se.

PER CURIAM.

An inquiry panel of the supreme court grievance committee approved a stipulation, agreement, and conditional admission of misconduct between the respondent and the assistant disciplinary counsel, C.R.C.P. 241.18, which recommended that the respondent be disbarred for practicing law while suspended. We accept the conditional admission and the recommendation.

I

The respondent was admitted to the Colorado bar in 1965. The parties stipulated that the respondent was administratively suspended from the practice of law on April 14, 1989, because of failure to comply with mandatory continuing legal education requirements. See C.R.C.P. 260.6. In November 1991, we suspended the respondent from the practice of law for forty-five days for not notifying his client of his 1989 suspension and for accepting a retainer while under suspension. People v. Redman, 819 P.2d 495 (Colo. 1991). The respondent remains suspended under both the 1989 and 1991 orders of suspension, and he has not paid an attorney registration fee since March 1991.

A

On March 23, 1989, the respondent entered an appearance for his client who was a defendant in a criminal case. The respondent had been appointed to represent the defendant because the public defender's office had a conflict of interest. On April 24, 1989, after his administrative suspension commenced, the respondent nevertheless appeared in the district court with his client. His motion to withdraw was granted in June 1989. The respondent has admitted that he knowingly engaged in the unauthorized practice of law, in violation of DR 1–102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 1–102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice); and DR 3–101(B) (a lawyer shall not practice law in a jurisdiction where to do so would be in violation of regulations of the profession in that jurisdiction).

B

The respondent also knowingly engaged in the unauthorized practice of law in 1991 by representing two separate defendants in two different civil actions, contrary to DR 1–102(A)(4), DR 1–102(A)(5), and DR 3–101(B).

C

In 1993, following the effective date of the Rules of Professional Conduct, the respondent represented a defendant in a driving under suspension case, and another defendant in a driving under the influence proceeding. In the latter case, the respondent appeared with the defendant in May 1994

when a petition was filed to revoke the defendant's probation. The respondent thereby knowingly engaged in the unauthorized practice of law, in violation of R.P.C. 5.5(a) (practice law in a jurisdiction where doing so violates the regulations of the legal profession in that jurisdiction); R.P.C. 8.4(c) (engage in conduct involving dishonesty, fraud, deceit or misrepresentation); R.P.C. 8.4(d) (engage in conduct that is prejudicial to the administration of justice); and R.P.C. 8.4(g) (engage in conduct which violates accepted standards of legal ethics).

### D

Between July 1993 and February 1994, the respondent represented the defendant in a felony theft and fraud by check case. As the respondent stipulated, he knowingly engaged in the unauthorized practice of law, contrary to R.P.C. 5.5(a); and R.P.C. 8.4(c), (d), & (g).

### E

Finally, the respondent appeared in a driving under the influence case on behalf of a client in December 1993 through March 1994. He knowingly engaged in the unauthorized practice of law, and made misrepresentations through pleadings and in personal appearances to the court and opposing counsel regarding his status as a lawyer, violating R.P.C. 5.5(a); R.P.C. 8.4(c) & (d).

### II

In previous cases, we have found disbarment warranted when a lawyer practices law while suspended or otherwise violates an order of suspension and causes harm to a client. *Compare People v. Wilson,* 832 P.2d 943, 945 (Colo.1992) (continuing to practice law while under order of suspension with no efforts to wind up practice and failing to take action to protect clients' legal interests warrants disbarment) *and People v. James,* 731 P.2d 698, 700 (Colo.1987) (same) *with People v. Clark,* 900 P.2d 129 (Colo.1995) (lawyer suspended for one year and one day for practicing law while under administrative suspension where no actual harm to clients were shown) *and People v. Ross,* 873 P.2d 728, 729 (Colo.1994) (lawyer suspended for

three years for failure to file affidavit of compliance with order of suspension where conduct did not harm client).

In this case, the respondent has already been disciplined for continuing to practice law while under the administrative suspension. *Redman,* 819 P.2d 495. The American Bar Association *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards* ), provides that, in the absence of mitigating circumstances, disbarment is appropriate when a lawyer:

> (a) intentionally or knowingly violates the terms of a prior disciplinary order and such violation causes injury or potential injury to a client, the public, the legal system, or the profession; or

> (b) has been suspended for the same or similar misconduct, and intentionally or knowingly engages in further acts of misconduct that cause injury or potential injury to a client, the public, the legal system, or the profession.

ABA *Standards* 8.1. The respondent and the assistant disciplinary counsel agree that disbarment is warranted in this case, and so do we. Accordingly, we accept the conditional admission.

### III

It is hereby ordered that Roger W. Redman be disbarred and that his name be stricken from the list of attorneys authorized to practice before this court, effective immediately. It is further ordered that Redman pay the costs of this proceeding in the amount of $49.02 within thirty days of the date of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Dominion Plaza, Denver, Colorado 80202.