**In the Matter of Brian Keith HUGEN, Attorney–Respondent.**

**No. 98SA448.**

Supreme Court of Colorado,
En Banc.

Feb. 16, 1999.

Linda Donnelly, Attorney Regulation Counsel, John S. Gleason, Deputy Regulation Counsel, Denver, Colorado, Attorneys for Complainant.

Brian Keith Hugen, Aurora, Colorado, Pro Se.

## PER CURIAM.

This is an attorney discipline case. The respondent and the complainant entered into a stipulation, agreement, and conditional admission of misconduct. *See* C.R.C.P. 241.18. In the conditional admission, the respondent, Brian Keith Hugen, agreed to disbarment. An inquiry panel of the supreme court grievance committee approved the conditional admission. We accept the conditional admission and order that the respondent be disbarred.

### I.

Brian Keith Hugen was licensed to practice law in this state in 1986. On February 3, 1997, he was immediately suspended from the practice of law while disciplinary proceedings were pending against him. *See People v. Hugen*, No. 97SA13 (Colo. Feb. 3, 1997) (order of immediate suspension). The forty-eight page conditional admission sets out Hugen's misconduct in sixteen separate counts in some detail. Because there is no disagreement as to the proper sanction in this case, we summarize the conditional admission as follows.

### A.

#### Natalie and Olga Byalskiy

On September 19, 1995, Hugen settled a personal injury case on behalf of his clients Natalie and Olga Byalskiy for a total of $17,500. The settlement checks from the insurance company were made payable to the Byalskiy sisters and Hugen. Hugen signed his own name as well as the names of Natalie and Olga Byalskiy on the reverse sides of the checks and deposited them into his trust account. He subsequently misappropriated the $17,500 for his own purposes without the knowledge or consent of his clients. Further, Hugen supplied falsified bank records to the Office of Disciplinary Counsel that purported to show that his trust account did not fall below $17,500 during the relevant time period.

Hugen has stipulated that his conduct violated Colo. RPC 3.4(a) (unlawfully obstructing another party's access to evidence or unlawfully altering, destroying or concealing a document); 3.4(b) (falsifying evidence); 4.1(a) (knowingly making a false or misleading statement of fact or law to a third person in the course of representing a client); 8.4(b) (committing a criminal act adversely reflecting on the lawyer's honesty, trustworthiness or fitness as a lawyer); and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation).

### B.

#### Stephen Caplin et al.

Stephen Caplin was Hugen's former law partner in the law firm of Caplin and Hugen. Caplin practiced primarily in Indiana, although he had an office in Colorado. Hugen was immediately suspended from the practice of law on February 3, 1997 because of the charges arising from the Byalskiy matter above. Hugen did not advise his law partner that he had been suspended and, in fact, Hugen continued to practice law after he was suspended.

Another lawyer told Caplin on May 13, 1997 that Hugen had been suspended. When Caplin called him, Hugen initially denied it, but later admitted that he had been suspended.

Hugen attended a settlement conference the next day without informing either his client or the insurance adjuster attending the conference that he was suspended. Caplin called the adjuster and told him that Hugen had been suspended. When Caplin called, Hugen was at the insurance company office asking for the settlement documents and settlement check to be released to him. They were not released because of Caplin's phone call.

In addition, Hugen represented Colleen Taylor, Yakov Rabinovich, John "Blake" Bulsterbaum, Jacqueline P. Perkins, Ghar-

martaj (Mary) Ashouri, and Linda Watson in six other separate civil actions. Following his suspension on February 3, 1997, Hugen failed to notify any of the parties or attorneys in these cases that he had been suspended, and he continued to practice law after being suspended.

Hugen's conduct violated the following Rules of Professional Conduct: Colo. RPC 3.4(c) (knowingly disobeying a court order), 5.5(a) (practicing law in violation of the regulations of the legal profession), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation), and 8.4(d) (engaging in conduct prejudicial to the administration of justice). He also violated C.R.C.P. 241.6(3) (violating the highest standards of honesty), 241.6(6) (violating an order of discipline), and 241.22(b), (c) (failing to comply with the notification requirements upon suspension).

### C.

#### Sergey Osipchuk and Tatyana Silakova

Hugen negotiated a settlement on behalf of Sergey Osipchuk and Tatyana Silakova in a personal injury case. A settlement was reached in the amount of $35,000. On December 21, 1995, Hugen received and deposited $35,000, representing the Osipchuk and Silakova settlement, into his law firm's trust account. Subtracting certain medical liens, Hugen's clients were entitled to receive $21,206.35. Hugen knowingly misappropriated that amount due to his clients. On February 7, 1996, the balance in his trust account was $103.72. On April 23, 1997, fourteen months later, Hugen deposited a personal check in his trust account in the amount of $21,300 drawn from his Discover credit card. On the same date, Hugen wrote a check to Osipchuk and Silakova in the amount of $21,206.

Hugen's personal check was returned twice, resulting in a charge-back against the firm's trust account and creating an overdraft in the amount of $21,143.31. Hugen has reimbursed the bank for the overdraft. Hugen knowingly misappropriated $21,206 from his clients for a period of about fourteen months.

His conduct violated Colo. RPC 1.3 (neglecting a legal matter), 1.4(a) (failing to communicate appropriately with a client), 8.4(b) (committing a criminal act adversely reflecting on the lawyer's honesty, trustworthiness or fitness), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation); as well as C.R.C.P. 241.6(3) and 241.6(5) (violating the criminal laws of a state).

### D.

#### Jacqueline and Vinson Perkins

Hugen represented Jacqueline P. Perkins and Vinson Perkins in two automobile accident cases, one in 1992 and the other in 1994. In the 1994 accident case, Hugen represented Jacqueline Perkins, and his misconduct in that case is mentioned in paragraph (B) above. Hugen filed the complaint involving the 1992 accident against Susan Paulson in March 1995. By way of an amended complaint, the Perkinses' insurer was joined on breach of contract and underinsured motorist claims.

On or about June 29, 1995, Hugen settled the Perkinses' claim against Paulson for $15,000 and endorsed the settlement check. He deposited the check in his law office trust account but failed to pay his clients their share of the proceeds in a timely manner, and thus knowingly misappropriated his clients' settlement funds. The conditional admission states, however, that Hugen's clients have since received their settlement funds.

After he was suspended on February 3, 1997, Hugen did not notify the parties or the court of his suspension and continued to practice law in the case. As he has admitted, he thereby violated Colo. RPC 3.4(c) (knowingly disobeying a court order), 5.5(a) (practicing law in violation of the regulations of the legal profession), 8.4(b) (committing a criminal act), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation), and 8.4(d) (engaging in conduct prejudicial to the administration of justice); as well as C.R.C.P. 241.6(3) (violating the highest standards of honesty), 241.6(5) (violating the criminal laws), 241.6(6) (violating

an order of discipline), and 241.22(b), (c) (failing to comply with the notification requirements upon suspension).

### E.

#### Norma J. McKay

McKay hired Hugen in the fall of 1994 to represent her in a civil action against a towing company and an insurance company. Hugen failed to keep McKay informed about the status of her case, neglected her case, knowingly misappropriated his client's portion of settlement proceeds from the insurer, and failed to notify his client or the other parties that he had been suspended on February 3, 1997. Hugen's conduct violated Colo. RPC 1.3 (neglect), 1.4(a) (failing to communicate with a client), 3.4(c) (knowingly disobeying a court order), 8.4(b) (committing a criminal act), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation); together with C.R.C.P. 241.6(3), (5), (6) and 241.22(b), (c).

### F.

#### Jean A. Balderston

Balderston retained Hugen to represent her in a personal injury matter in August 1996. Although he was suspended the following February, he failed to notify either his client or the claims representative of the suspension. Following a series of negotiations conducted after he was suspended, Hugen agreed to settle the Balderston's claim for $16,000 on March 28, 1997. A check dated April 4, 1997, in the amount of $16,000 was made payable to Jean and Lawrence Balderston and Hugen himself. Hugen signed the Balderstons' and his own name on the reverse side of the check and deposited it into his trust account. He thereafter knowingly misappropriated the Balderstons' share of the settlement proceeds. His conduct violated Colo. RPC 1.4(a) (failing to communicate with a client), 3.4(c) (knowingly disobeying a court order), 5.5(a) (practicing law while suspended), 8.4(b) (committing a criminal act); 8.4(c) (conduct involving dishonesty), and 8.4(d) (conduct prejudicial to the administration of justice); along with C.R.C.P. 241.6(3), (5), (6) and 241.22(b), (c).

### G.

#### Linh Dac Ho Dang

Hugen failed to notify his client in a personal injury case, Linh Dac Ho Dang, or the opposing lawyer in the case, that he had been suspended on February 3, 1997. Thereafter, opposing counsel and Hugen settled the case for $7,000. A settlement check for $7,000 was sent to Hugen on March 4, 1997, payable to Hugen and his client. Hugen signed both names on the back of the check and deposited it in his trust account on March 7, 1997. He then knowingly misappropriated his client's share of the settlement. Hugen therefore violated Colo. RPC 1.4(a), 3.4(c), 5.5(a), 8.4(b), 8.4(c), and 8.4(d); in addition to C.R.C.P. 241.6(3), (5), (6) and 241.22(b), (c).

### H.

#### Earl Bruce Evans

Hugen represented Evans in a social security matter. Hugen did not notify Evans of his February 1997 suspension, and continued to practice law in the case following his suspension. Thereafter, Hugen knowingly misappropriated $2,559.50 of his client's funds, consisting of a so-called advance payment of his attorney fees on April 7, 1997, although Hugen was later paid all of the fees he was due by the Social Security Administration. Hugen admitted that he again violated Colo. RPC 8.4(b), 8.4(c), and 8.4(d); as well as C.R.C.P. 241.6(3), (5), (6) and 241.22(b), (c).

### I.

#### Dmitri Mishurov

Hugen did not notify another personal injury client, Dmitri Mishurov, of his suspension. He settled the case for $12,500 in March 1997. Hugen received the settlement check on or about March 20, 1997, signed the reverse side of the check with his and his client's name, and deposited it into his trust account. Hugen then knowingly misappropriated his client's settlement proceeds. Hugen has stipulated that his conduct violated Colo. RPC 3.4(c), 5.5(a), 8.4(b), 8.4(c), and

8.4(d); in addition to C.R.C.P. 241.6(3), (5), (6) and 241.22(b), (c).

## J.

### *Marina Milevskaya and Peter Milevski*

In January 1997, Hugen entered into a settlement agreement with an insurer on behalf of clients Marina Milevskaya and Peter Milevski. On or about January 21, 1997, Hugen received two settlement checks in the amount of $6,000 each payable to his clients and him. Hugen endorsed the checks himself and deposited them into his trust account. He thereafter knowingly misappropriated the settlement proceeds to his own use. His conduct violated Colo. RPC 8.4(b) and 8.4(c); and C.R.C.P. 241.6(3), (5).

## II.

Hugen has consented to disbarment, and we agree that that is an appropriate sanction under the circumstances. As we said in *People v. Mannix*, 936 P.2d 1285, 1289 (Colo. 1997):

> The respondent's knowing misappropriation of client funds, by itself, warrants disbarment. *See, e.g., People v. Mundis*, 929 P.2d 1327, 1332 (Colo.1996) (lawyer disbarred for knowingly misappropriating client funds, seriously neglecting a number of client matters and practicing law while under an order of suspension); *see also* ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*) 4.11 (in the absence of mitigating factors, "[d]isbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client.").

Accordingly, we accept the conditional admission and the inquiry panel's recommendation.

## III.

It is hereby ordered that Brian Keith Hugen be disbarred, effective immediately upon the issuance of this opinion. It is further ordered that Hugen pay the costs of this proceeding in the amount of $2,683.25 within thirty days after the announcement of this opinion to the Attorney Regulation Committee, 600 Seventeenth Street, Suite 200 South, Denver, Colorado 80202–5432. If Hugen applies for readmission pursuant to C.R.C.P. 251.29, his compliance with all court orders related to the criminal proceeding arising from his misconduct and his making of complete restitution to the parties affected by that misconduct shall be major factors in determining whether he is once again fit to practice law.