The PEOPLE of the State of
Colorado, Complainant,

v.

James Henry HAHN, Respondent.

No. 05PDJ071.

Office of the Presiding Disciplinary Judge
of the Supreme Court of Colorado.

Aug. 22, 2006.

Attorney Regulation. Following a sanctions hearing, the Presiding Disciplinary Judge disbarred Respondent James Henry Hahn (Attorney Registration No. 12811) from the practice of law, effective September 22, 2006. Respondent knowingly converted funds in one client matter involving two bankruptcy cases and knowingly practiced law with a suspended license in another client matter. Respondent also failed to par-

ticipate or present any mitigating evidence in these proceedings. The facts admitted by default proved violations of Colo. RPC 1.15(a-c), 1.16(d), 3.4(c), 5.5(a) and 8.4(c). Accordingly, the Presiding Disciplinary Judge found no adequate basis to depart from the presumptive sanction of disbarment.

On June 22, 2006, the Presiding Disciplinary Judge ("the Court") held a Sanctions Hearing pursuant to C.R.C.P. 251.18(d). Charles E. Mortimer, Jr. appeared on behalf of the Office of Attorney Regulation Counsel ("the People"). James Henry Hahn ("Respondent") did not appear, nor did counsel Arthur F. Pansing appear on his behalf. The Court issues the following Report, Decision, and Order Imposing Sanctions.

### REPORT, DECISION, AND ORDER IMPOSING SANCTIONS PURSUANT TO C.R.C.P. 251.19(c)

#### I. ISSUE

 Disbarment is generally appropriate, absent significant evidence of mitigation, when a lawyer knowingly converts client funds or knowingly violates the terms of a prior disciplinary order and causes injury. Respondent knowingly converted funds in one client matter and knowingly practiced law with a suspended license in another. Respondent did not participate in these proceedings and provided no evidence of mitigation to offset several aggravating factors. Is disbarment the appropriate sanction in this case?

#### SANCTION IMPOSED: ATTORNEY DISBARRED

#### II. PROCEDURAL HISTORY AND FACTUAL BACKGROUND

 The People filed a Complaint with the Court on October 5, 2005. Respondent failed to file an answer in this case and the Court granted the People's Motion for Default on January 3, 2006. Upon the entry of default, the Court deems all facts set forth in the complaint admitted and all rule violations established by clear and convincing evidence. *People v. Richards*, 748 P.2d 341, 346 (Colo. 1987).

The Court hereby adopts and incorporates by reference the factual background of this case fully detailed in the admitted complaint.[1] Respondent took and subscribed the oath of admission, was admitted to the bar of the Colorado Supreme Court on May 25, 1983, and is registered upon the official records of the Colorado Supreme Court, Attorney Registration No. 12811. The allegations in this case arise from Respondent's representation in two client matters.

#### The Peterson Matter

Respondent agreed to represent Laura and Robert Peterson in two bankruptcy cases. The Petersons signed an *individual* fee agreement and paid Respondent a $1,500.00 retainer fee on July 24, 2003. The Petersons also signed a fee agreement for Respondent to provide legal services *on behalf of their corporation* R & L Peterson Corp. d/b/a/ Vista Electric Co. and paid him a $4,500.00 retainer fee on July 14, 2003.[2] The fee agreements required monthly accounting statements from Respondent.

Respondent deposited the retainer fee checks in a personal savings account in his name at Commercial Federal Bank and took immediate cash withdrawals rather than depositing them into a trust account. The Petersons terminated Respondent's services in January 2004 and hired a new attorney after Respondent failed to respond to their requests for accountings. Respondent eventually provided a partial accounting to the Petersons' new counsel that showed he had earned $4,430.00 in fees in November and December of 2003. The Petersons again demanded a refund of their money, but Respondent never provided accountings or otherwise responded to their requests.

---

1. *See* the People's complaint filed October 5, 2005.

2. The Petersons also paid Respondent an advanced fee of $1,500.00 on August 13, 2003. On September 4, 2003, the Petersons paid Respondent an additional advanced fee of $4,500.00. On September 22, 2003, the Petersons paid Respondent a final advanced fee of $830.00 for use as a bankruptcy court filing-fee.

Respondent knowingly exercised unauthorized dominion and control over the funds by immediately depositing them into his personal savings account and by taking immediate case withdrawals from some of those deposits. Respondent knowingly violated Colo. RPC 8.4(c) when he knowingly converted the property of his clients, the Petersons and R & L Peterson, Corp. d/b/a/ Vista Electric Co. He also violated Colo. RPC 1.15(a) and 1.15(b) when he failed to hold the Petersons' property separate from his own and when he failed to promptly deliver funds entitled to them or render an accounting of these funds.

The admitted facts also reveal that Respondent violated Colo. RPC 1.15(c) when he failed to keep property in which both he and the Petersons claimed an interest separate until an accounting. Finally, Respondent violated Colo. RPC 1.16(d) when he failed to protect the interests of the Petersons upon termination of his services.

### The Ward Matter

Respondent represented Tom Ward in an Eagle County District Court civil action. On January 17, 2005, Respondent's license to practice law in the State of Colorado was suspended for a one-month period of time. Respondent subsequently failed to give notice of his suspension to opposing counsel in the Ward matter as required by C.R.C.P. 251.28, and in the process knowingly violated Colo. RPC 3.4(c).

Despite his actual knowledge of the rule, Respondent also never sought reinstatement of his license to practice law as required by C.R.C.P. 251.29(b). Instead, he negotiated with a representative of opposing counsel and responded to a motion for summary judgment filed by opposing counsel in the Ward matter. Respondent knowingly violated Colo. RPC 5.5(a) when he practiced law with a suspended license.

### III. SANCTIONS

■ The ABA Standards for Imposing Lawyer Sanctions (1991 & Supp.1992) ("ABA Standards") and Colorado Supreme Court case law are the guiding authorities for selecting and imposing sanctions for lawyer misconduct. *In re Roose,* 69 P.3d 43, 46–47 (Colo.2003). In imposing a sanction after a finding of lawyer misconduct, the Court must first consider the duty breached, the mental state of the lawyer, the injury or potential injury caused, and the aggravating and mitigating evidence pursuant to ABA *Standard* 3.0.

■ Respondent's failure to participate in these proceedings leaves the Court with no alternative but to consider only the established facts and rule violations set forth in the complaint in evaluating the first three factors listed above. The Court finds Respondent violated duties owed to his clients and the legal system. Respondent violated his duty to preserve the property of his clients and his duty to obey professional rules and obligations as an officer of the court. The entry of default established that Respondent *knowingly* converted funds entrusted to him by his clients and *knowingly* practiced law with a suspended license. The facts established by the entry of default also supports a finding of actual harm to Respondent's clients in their loss of funds and to the legal profession in the delay of court proceedings.[3]

The People alleged that several aggravating factors exist including prior disciplinary offenses, a dishonest or selfish motive, multiple offenses, substantial experience in the practice of law, and indifference to making restitution. *See* ABA *Standards* 9.22(a), (b), (d), (i) and (j). Due in part to the absence of any contradictory evidence, the Court finds clear and convincing evidence to support each aggravating factor alleged by the People. Respondent presented no evidence in mitigation.

The ABA *Standards* suggest that the presumptive sanction for the misconduct evidenced by the admitted facts and rule violations in this case range from suspension to disbarment. Respondent knowingly converted at least a portion of the advanced fees paid to him by his clients. Disbarment

---

**3.** The Court considered a written statement from Laura J. Peterson in its consideration of the appropriate sanction in this matter pursuant to C.R.C.P. 251.18(a).

is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client and suspension is generally appropriate when a lawyer knowingly fails to perform services for a client or engages in a pattern of neglect and causes injury or potential injury to a client. ABA *Standards* 4.11 and 4.42(b).

Respondent also knowingly practiced law with a suspended license. Disbarment is generally appropriate when a lawyer intentionally or knowingly violates the terms of a prior disciplinary order and such violation causes injury or potential injury to a client, the public, the legal system, or the profession. ABA *Standard* 8.1.

 In the absence of significant mitigating factors, Colorado Supreme Court case law applying the ABA *Standards* holds disbarment is the presumptive sanction for conversion of client funds alone. Knowing conversion or misappropriation of client money "consists simply of a lawyer taking a client's money entrusted to him, knowing that it is the client's money and knowing that the client has not authorized the taking." *People v. Varallo*, 913 P.2d 1, 11 (Colo.1996). Neither the lawyer's motive in taking the money, nor the lawyer's intent regarding whether the deprivation is temporary or permanent, are relevant for disciplinary purposes. *Id.* at 10–11. Significant mitigating factors may overcome the presumption of disbarment, however, none are presented in this case. *See In re Fischer*, 89 P.3d 817 (Colo.2004) (finding significant facts in mitigation).

Additional Colorado Supreme Court case law applying the ABA *Standards* holds disbarment is the presumptive sanction for Respondent's misconduct. *See In re Hugen*, 973 P.2d 1267 (Colo.1999) (attorney disbarred for knowingly misappropriating client funds and continuing to practice law while under suspension); *People v. Redman*, 902 P.2d 839 (Colo.1995) (unauthorized practice of law during administrative suspension and after discipline for continuing to practice after suspension warrants disbarment); and *People v. Ebbert*, 925 P.2d 274 (Colo.1996) (disbarment warranted for misconduct which included practicing law during suspension period).

Respondent's failure to refund the advanced fees alone likely warrants disbarment. His additional misconduct in practicing law with a suspended license reinforces the conclusion that disbarment is the appropriate sanction in this case. Finally, Respondent's complete failure to participate in these proceedings further precludes any deviation from the presumptive sanction.

## IV. CONCLUSION

One of the primary goals of our disciplinary system is to protect the public from lawyers who pose a danger to them. The facts established in the complaint, without explanation or mitigation, reveal the serious danger Respondent poses to the public. He knowingly converted client funds and practiced law with a suspended license and this misconduct adversely reflects on his fitness to practice law. Absent extraordinary factors in mitigation not presented here, the ABA *Standards* and Colorado Supreme Court case law applying the ABA *Standards* both support disbarment. Upon consideration of the nature of Respondent's misconduct, his mental state, the significant harm and potential harm caused, and the absence of mitigating factors, the Court concludes there is no justification for a sanction short of disbarment.

## V. ORDER

The Court therefore **ORDERS**:

1. JAMES HENRY HAHN, Attorney Registration No. 12811, is **DISBARRED** from the practice of law, effective thirty—one (31) days from the date of this Order, and his name shall be stricken from the list of attorneys licensed to practice law in the State of Colorado.

2. JAMES HENRY HAHN **SHALL** pay restitution to the Petersons and/or the Attorney's Fund for Client Protection, in an amount to be determined, as a condition precedent to the filing of any petition for readmission.

3. JAMES HENRY HAHN **SHALL** pay the costs of these proceedings. The

People shall submit a Statement of Costs within fifteen (15) days of the date of this Order. Respondent shall have ten (10) days within which to respond.

4. The Court **GRANTS** the People's "Motion to Dismiss Claim Without Prejudice" filed on June 23, 2006. The Court **DISMISSES** the reciprocal discipline claim set forth in paragraphs 39, 40, and 41 of the Complaint.