**The PEOPLE of the State of Colorado, Complainant,**

v.

**Cecilia M. SERNA, Respondent.**

**No. 06PDJ023.**

Office of the Presiding Disciplinary Judge of the Supreme Court of Colorado.

Oct. 3, 2006.

**REPORT, DECISION, AND ORDER IM-POSING SANCTIONS PURSUANT TO C.R.C.P. 251.19(c)**

On September 19, 2006, the Presiding Disciplinary Judge ("the Court") held a Sanctions Hearing pursuant to C.R.C.P. 251.18(d). Charles E. Mortimer, Jr. appeared on behalf of the Office of Attorney Regulation Counsel ("the People"). Cecilia M. Serna ("Respondent") did not appear, nor did counsel appear on her behalf. The Court issues the following Report, Decision, and Order Imposing Sanctions.

## I. ISSUE

Disbarment is generally appropriate, absent significant evidence of mitigation, when a lawyer knowingly converts client funds or knowingly violates the terms of a prior disciplinary order and causes injury. Respondent knowingly converted a cost retainer and knowingly practiced law while under an administrative order of suspension. Respondent did not participate in these proceedings and provided no evidence of mitigation to offset several aggravating factors. Is disbarment the appropriate sanction in this case?

1. See the People's complaint filed March 27, 2006.

**SANCTION IMPOSED: ATTORNEY DISBARRED**

## II. PROCEDURAL HISTORY AND FACTUAL BACKGROUND

The People filed a Complaint with the Court on March 27, 2006. Respondent failed to file an answer in this case and the Court granted the People's Motion for Default on June 23, 2006. Upon the entry of default, the Court deems all facts set forth in the complaint admitted and all rule violations established by clear and convincing evidence. *People v. Richards,* 748 P.2d 341, 346 (Colo. 1987).

The Court hereby adopts and incorporates by reference the factual background of this case fully detailed in the admitted complaint.[1] Respondent took and subscribed the oath of admission, was admitted to the bar of the Colorado Supreme Court on November 25, 1986, and is registered upon the official records of the Colorado Supreme Court, Attorney Registration No. 16345. The allegations in this case arise from Respondent's representation in a single client matter.

In January 2005, Respondent worked for the Frickey Law Firm, P.C. ("Frickey"). During this time, Roseanne Tscheuschner entered into a contingent fee agreement with Frickey to represent her in an employment case. On January 14, 2005, Ms. Tscheuschner paid Frickey a $3,000.00 cost retainer. Respondent represented Ms. Tscheuschner in the employment case.

In April 2005, Respondent left Frickey and opened her own law practice. She continued to represent Ms. Tscheuschner in the employment case. Frickey paid Ms. Tscheuschner's cost retainer to Respondent's law office and Respondent deposited the funds into a COLTAF account. She thereafter knowingly withdrew the cost retainer without client authorization.

On July 8, 2005, Respondent was administratively suspended from the practice of law. Nevertheless, she spoke with Ms. Tscheuschner on several occasions from June through September 2005 concerning her legal matter. Respondent assured Ms.

Tscheuschner that she would commence a civil action upon receiving a right to sue letter from the Equal Employment Opportunity Commission. The EEOC issued a right to sue letter on October 24, 2005.

Respondent never advised Ms. Tscheuschner of her administrative suspension. Beginning in October 2005, Respondent no longer returned Ms. Tscheuschner's phone calls or otherwise responded to additional attempts to contact her. Ms. Tscheuschner has also tried numerous ways to retrieve her legal file and cost retainer from Respondent, all without success.

 Respondent violated Colo. RPC 8.4(c) when she knowingly converted Ms. Tscheuschner's cost retainer and when she dishonestly failed to advise Ms. Tscheuschner of her administrative suspension. She also violated Colo. RPC 1.4(a) and (b) when she failed to communicate with Ms. Tscheuschner concerning her legal matter. Respondent violated Colo. RPC 1.16(d) when she failed to protect the interests of Ms. Tscheuschner upon termination of her services. Respondent knowingly violated Colo. RPC 3.4(c) by disobeying the rules of the Colorado Supreme Court by practicing law while administratively suspended. Respondent knowingly violated Colo. RPC 5.5(a) when she engaged in the unauthorized practice of law with a suspended license.

### III. *SANCTIONS*

 The ABA Standards for Imposing Lawyer Sanctions (1991 & Supp.1992) ("ABA *Standards*") and Colorado Supreme Court case law are the guiding authorities for selecting and imposing sanctions for lawyer misconduct. *In re Roose*, 69 P.3d 43, 46–47 (Colo.2003). In imposing a sanction after a finding of lawyer misconduct, the Court must first consider the duty breached, the mental state of the lawyer, the injury or potential injury caused, and the aggravating and mitigating evidence pursuant to ABA *Standard* 3.0.

Respondent's failure to participate in these proceedings leaves the Court with no alternative but to consider only the established facts and rule violations set forth in the complaint in evaluating the first three factors listed above. The Court finds Respondent violated duties owed to her clients and the legal system. Respondent violated her duty to preserve the property of her clients and her duty to obey professional rules and obligations as an officer of the court. The entry of default established that Respondent *knowingly* converted funds entrusted to her by her clients and *knowingly* engaged in the unauthorized practice of law with a suspended license. The facts established by the entry of default also supports a finding of actual harm to Respondent's client in her loss of the cost retainer.

The People alleged that several aggravating factors exist including prior disciplinary offenses, multiple offenses, substantial experience in the practice of law, and indifference to making restitution. *See* ABA *Standards* 9.22(a), (d), (i) and (j). Due in part to the absence of any contradictory evidence, the Court finds clear and convincing evidence to support each aggravating factor alleged by the People. Respondent presented no evidence in mitigation.

 The ABA *Standards* suggest that the presumptive sanction for the misconduct evidenced by the admitted facts and rule violations in this case range from suspension to disbarment. Respondent knowingly converted at least a portion of the cost retainer paid to her by her client. Disbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client. ABA *Standard* 4.11.

 Respondent also knowingly practiced law with a suspended license. Disbarment is generally appropriate when a lawyer intentionally or knowingly violates the terms of a prior disciplinary order and such violation causes injury or potential injury to a client, the public, the legal system, or the profession. ABA *Standard* 8.1.

 In the absence of significant mitigating factors, Colorado Supreme Court case law applying the ABA *Standards* holds disbarment is the presumptive sanction for conversion of client funds alone. Knowing conversion or misappropriation of client money

"consists simply of a lawyer taking a client's money entrusted to him, knowing that it is the client's money and knowing that the client has not authorized the taking." *People v. Varallo*, 913 P.2d 1, 11 (Colo.1996). Neither the lawyer's motive in taking the money, nor the lawyer's intent regarding whether the deprivation is temporary or permanent, are relevant for disciplinary purposes. *Id.* at 10–11. Significant mitigating factors may overcome the presumption of disbarment, however, none are presented in this case. *See In re Fischer*, 89 P.3d 817 (Colo.2004) (finding significant facts in mitigation).

Additional Colorado Supreme Court case law applying the ABA *Standards* holds disbarment is the presumptive sanction for Respondent's misconduct. *See In re Hugen*, 973 P.2d 1267 (Colo.1999) (attorney disbarred for knowingly misappropriating client funds and continuing to practice law while under suspension); *People v. Redman*, 902 P.2d 839 (Colo.1995) (unauthorized practice of law during administrative suspension and after discipline for continuing to practice after suspension warrants disbarment); and *People v. Ebbert*, 925 P.2d 274 (Colo.1996) (disbarment warranted for misconduct which included practicing law during suspension period).

 Respondent's failure to refund the cost retainer alone likely warrants disbarment. Her additional misconduct in engaging in the unauthorized practice of law with a suspended license reinforces the conclusion that disbarment is the appropriate sanction in this case. Finally, Respondent's complete failure to participate in these proceedings further precludes any deviation from the presumptive sanction.

## IV. *CONCLUSION*

One of the primary goals of our disciplinary system is to protect the public from lawyers who pose a danger to them. The facts established in the complaint, without explanation or mitigation, reveal the serious danger Respondent poses to the public. She knowingly converted client funds and engaged in the unauthorized practice of law with a suspended license and this misconduct adversely reflects on her fitness to practice law. Absent extraordinary factors in mitigation not presented here, the ABA *Standards* and Colorado Supreme Court case law applying the ABA *Standards* both support disbarment. Upon consideration of the nature of Respondent's misconduct, her mental state, the significant harm and potential harm caused, and the absence of mitigating factors, the Court concludes there is no justification for a sanction short of disbarment.

## V. *ORDER*

The Court therefore **ORDERS:**

1. CECILIA M. SERNA, Attorney Registration No. 16345, is **DISBARRED** from the practice of law, effective thirty-one (31) days from the date of this Order, and her name shall be stricken from the list of attorneys licensed to practice law in the State of Colorado.

2. CECILIA M. SERNA **SHALL** pay restitution to Roseanne Tscheuschner or the Attorney's Fund for Client Protection, in the amount of $3,000.00. Such payment will be a condition precedent to the filing of any petition for readmission.

3. CECILIA M. SERNA **SHALL** pay the costs of these proceedings. The People shall submit a Statement of Costs within fifteen (15) days of the date of this Order. Respondent shall have ten (10) days within which to respond.